# BEESLEY v. BADGER et al.

## No. 4266.   Decided October 10, 1925.   (240 P. 458.)

1.  COVENANTS—DIVORCE—COMPLAINT FOR BREACH OF WARRANTY
    HELD NOT TO STATE CAUSE OF ACTION; ALIMONY NOT A LIEN.
    Complaint alleging that plaintiff purchased property from de-
    fendants warranted to be free from liens, and that previously
    wife of one of defendants had obtained a decree of divorce and
    alimony in monthly installments which constituted a lien on
    property, did not state a cause of action for breach of warranty,
    since alimony payable in installments indefinitely not due and
    unpaid do not constitute a lien on husband's realty, where de-
    cree does not declare it so.

2.  DIVORCE—WHEN ALIMONY, NOT DECLARED LIEN BY DECREE, IS
    LIEN ON HUSBAND'S REALTY, STATED.   Under Comp. Laws 1917,
    § 6868, and sections 6912 and 6913, providing for lien of judg-
    ment on realty of debtor and for execution, and section 7021,
    providing that order for payment of money by court may be
    enforced by execution as a judgment, and sections 3000 and
    3002, relating to decrees in divorce for alimony not expressly
    made lien on husband's realty, court may declare alimony a lien
    on property, but, if not so declared, then by virtue of judgment
    statute decree creates lien, where alimony is awarded in gross,
    and, if made in installments for an indefinite period, decree is
    a lien only for due and unpaid installments, under rule that a
    money judgment to be a lien requires a valid and subsisting
    judgment for sum certain.[1]

Appeal from District Court, Third District, Salt Lake
County; W. S. Marks, Judge.

Action by Wilford A. Beesley against Ralph A. Badger
and others.   From a judgment of dismissal, plaintiff appeals.

AFFIRMED.

---

[1] Murphy v. Moyle, 17 Utah, 113, 53 P. 1010, 70 Am. St. Rep. 767.
Corpus Juris-Cyc. References.
Covenants 15 C. J. p. 1304 n. 92.
Divorce 19 C. J. p. 309 n. 45; p. 310 n. 60; p. 313 n. 16, 17, 18, 19,
20, 21, 22, 23, 24, 25, 28; p. 314 n. 34.
Judgments 34 C. J. p. 571 n. 11, 13, 14, 16.

*E. R. Callister*, of Salt Lake City, for appellant.

*Wilson, Loofbourow & Barnes*, of Salt Lake City, for respondent.

*Booth, Lee, Badger, Rich & Rich*, of Salt Lake City, for other respondents.

STRAUP, J.

Appellant, the plaintiff below, brought this action to recover damages from the respondents Ralph A. Badger and Norma D. Badger for a breach of warranty against incumbrances arising out of a conveyance of real estate by them to plaintiff. Their demurrer to the complaint was sustained. The plaintiff, declining to amend, the action was dismissed. The plaintiff appeals and challenges the ruling on the demurrer.

By the complaint it is alleged that Ralph A. Badger and Norma D. Badger, on August 2, 1924, by warranty deed conveyed to plaintiff real property, fully described, in Salt Lake county, Utah; that they warranted it to be free of all incumbrances and liens; that on August 2, 1918, Julia P. Badger, then the wife of Ralph A. Badger, in the district court of Salt Lake City, obtained a decree of divorce from him by which decree he was required to pay her alimony and for the support of three minor children the sum of $80 per month commencing the 1st day of August, 1918; and that such decree and order constituted a lien and an incumbrance on ''said real property, and renders the title to said real property unmarketable by reason of which the said plaintiff is damaged in the sum of $2,500,'' for which amount judgment was prayed. There are no allegations in the complaint of any default in the payment of any of the installments of the decreed alimony or that there were any due or unpaid when the conveyance was made or even when the complaint was filed; nor is there otherwise any breach of the divorce decree alleged, nor that plaintiff was required to pay or had

paid any part of the alleged lien or otherwise was injured or damaged; nor are there any facts or particulars alleged upon which the alleged amount of damages is based or claimed. In other words, if the complaint otherwise states a cause of action, it states one only, for nominal damages for a technical breach of a covenant against an incumbrance, a personal covenant not running with the land, which, if the incumbrance existed, was broken when made when the deed was delivered. Devlin on Real Estate (3d Ed.) §§ 905, 916, 942, and 7 R. C. L. pp. 1135 and 1163.

On motion of Ralph A. Badger and Norma D. Badger, Julia P. Badger was made a party, on the theory that she was a necessary party. It is not apparent wherein she was such, but, since no point is made as to that, we are not concerned with it. She demurred to the complaint on the ground that it did not state a cause of action against her because it was not alleged that she had signed the deed or had made any covenant, or that there were any payments of the divorce decree due and unpaid, or that she claimed or asserted any lien on the conveyed real estate. The defendants Ralph A. and Norma D. Badger joined in the demurrer and adopted it. We shall treat the demurrer as a general demurrer.

Of course the complaint does not state a cause of action against Julia P. Badger. No claim is made by plaintiff that it does. Does it state one against the real defendants?

The complaint certainly does not state any for substantial damages. Does it state a technical breach of covenant entitling the plaintiff to nominal damages? That involves the question of whether the divorce decree as alleged constituted a lien on the conveyed real estate. It is not claimed by plaintiff that by the allegations of the complaint it is shown that the divorce decree in terms or by its provisions declared a lien or impressed one upon specific or any real estate of Ralph A. Badger, the divorced husband, to secure the payment of the adjudged alimony. Nor does the complaint contain any such averments. What the plaintiff contends is that a decree or judgment in such respect, when rendered and docketed, has, under the statute relating to judgments, the

same effect of a general lien as that of an ordinary judgment for money, not only as to due and·unpaid installments, but also as to those to become due. The defendants, while faintly admitting that such a decree or judgment has the effect of such a lien as to past due and unpaid installments, stoutly deny that it has such effect as to installments to become due; and, since there are no averments of any past-due and unpaid installments, the defendants contend that no lien is averred and hence no cause of action is stated.

The law on the subject is stated in 2 Nelson on Divorce and Separation, p. 903, thus:

"The decree for alimony, however, is a judgment, and is considered as having the same effect as other judgments for the payment of money. Where judgments are declared by statute to be a lien upon the real estate of the defendant from the day of the rendition of such judgment, or from the first day of the term in which the judgment is rendered, the decree for alimony will become a lien upon the same date as other decrees. The wife is therefore entitled to an execution against lands conveyed by the husband after the decree became a lien, although the pleadings and decree contain no reference to any specific property. * * * American courts having jurisdiction of actions for divorce have also the inherent power to enforce their orders by contempt proceedings, or by such other adequate means as may be justified by the general jurisdiction of the court, and its procedure. Without such power our courts could not maintain their authority, and many important functions would be paralyzed. * * * Such decree is something more than an ordinary debt or judgment for money. It is a personal order to the husband, similar to an order of court to one of its officers or to an attorney."

In 19 C. J. p. 313, it is said:

"A decree for a sum certain as permanent alimony being a decree in personam, not a decree in rem, in many jurisdictions, when duly filed and entered, has, under the statutes relating to judgments, the same general lien of an ordinary judgment for money, subject to the same limitations, and it is enforceable by execution, unless the record discloses a contrary intention. Statutes sometimes provide that a decree for alimony shall be a lien on the husband's property, or at least are so construed as to have that effect. Unless so provided by statute, or in the decree itself, a decree for permanent alimony does not constitute a specific lien on the husband's estate."

Our statute (Comp. Laws Utah 1917, § 6868), relating to "judgments in general," among other things provides that—

"From the time the judgment is docketed it becomes a lien upon all the real property of the judgment debtor not exempt from execution in the county in which the judgment is given, owned by him at the rendition of the judgment, or by him thereafter acquired during the existence of said lien in his own right. * * * The lien shall continue for eight years unless the judgment be previously satisfied," etc.

By sections 6912 and 6913 it is provided that the party in whose favor judgment is given may at any time within 8 years after the date of entry thereof have a writ of execution issued for its enforcement, and, if the judgment be for money, the amount thereof and the amount actually due thereon must be stated in the writ. By section 7021 it is provided that, whenever an order for the payment of a sum of money is made by a court, or judge thereof, pursuant to the provisions of the Code, it may be enforced by execution in the same manner as if it were a judgment. Our statute (Comp. Laws Utah 1917, § 3000), relating to "Divorce," etc., provides that, when an interlocutory decree of divorce is made, the court may make such order in relation to the children, property, parties, and the maintenance of the parties and children as shall be equitable. Subsequent changes, or new orders, may be made by the court in respect to the disposal of the children or the distribution of property as shall be reasonable and proper. By section 3002 it is provided that the decree of divorce shall become absolute after the expiration of 6 months from the entry thereof, unless proceedings for review are pending or the court before the expiration of such period otherwise orders. There is no express provision by statute authorizing a court granting a decree of divorce to declare and impress a lien on real property of the husband to secure the payment of awarded alimony, yet this court in the case of *Murphy* v. *Moyle,* 17 Utah, 113, 53 P. 1010, 70 Am. St. Rep. 767, under a statute in this respect identical with the present statute referred to, held that the court had such power. That such a lien by the decree itself may be declared and impressed, not only to secure the pay-

ment of alimony when awarded in a gross sum, but also to secure the payment of alimony awarded in installments when due and unpaid as well as installments to become due in the future, and, if exigencies of the case and the protection of the wife or minor children require it, the court may direct the divorced husband to furnish security for performance of other provisions of the decree, is now well established in this jurisdiction. ˙ When no such lien is declared or impressed by the decree itself, we, from the texts and the cases there cited, and from the statute, deduce and declare this to be the rule: When a divorce is granted and the husband ordered to pay alimony or to support minor children or both, and the decree itself does not declare or impress a lien to secure such payments, then, by force of the statute relating to judgments in general, such decree or judgment from the filing and˙ docketing thereof becomes and has all the force and effect of a lien to the same extent as an ordinary judgment for money, when the decree for alimony is in a gross sum, though payable partly or wholly in future installments, and when not in gross sum but, as here, in installments for an indefinite period, the decree is a lien securing payment of all due and unpaid installments, but not of installments to become due in the future. By the weight of authority, and as we think the better reason, although there are cases to the contrary, a decree for alimony in a gross sum as well as to past-due and unpaid installments stands upon the same footing as ordinary money judgments and may be enforced by execution in the same manner as ordinary money judgments may be enforced. But installments to become due stand on a different footing. That a money judgment may be a lien, it is essential, not only that there be a valid and subsisting judgment rendered by a court of competent jurisdiction and subject to collection by execution, but the judgment must also be for the payment of a definite and certain sum of money. 24 C. J. 571. A judgment or decree awarding alimony in a gross sum, though payable in future installments, is nevertheless definite and certain as to the sum of money to be paid. So is a decree as to past-due and unpaid

installments.  In such instances the amount due and to be
paid to discharge the lien is certain and definite, and, if
sought to be enforced by execution, the amount due and un-
paid can be stated in the writ of execution.  But not so as to
future installments of a decree awarding alimony of a stated
sum to be paid monthly covering an indefinite period.  Pay-
ments thereof are not enforceable by execution or otherwise
because not due, and, should they be regarded as secured by
lien, the amount of it for purposes of payment and dis-
charge could not be ascertained because of the uncertain and
indefinite period of the installments.

The appellant cites *Isaacs* v. *Isaacs*, 117 Va. 730, 86 S. E.
105, L. R. A. 1916B, 648, as authority that the lien on the
husband's real estate extends, not only to secure past-due and
unpaid installments, but also installments to become due.
The opinion in the case contains undoubted language to that
effect.  It does not on its face disclose that the decree itself
declared and impressed a lien on the real estate of the hus-
band; but in it is recited that "this case was once before in
this court.  *Isaacs* v. *Isaacs*, 115 Va. 562, 79 S. E. 1072."  By
reference to the opinion on such former appeal it is shown
that the decree itself did declare and impress a lien on the
husband's real estate, not only to secure the payment of past-
due and unpaid installments, but also those to become due;
hence it must be assumed that the language used on the sec-
ond appeal was in respect of the kind of decree before the
court.  The case of *Goff* v. *Goff*, 60 W. Va. 9, 53 S. E. 769,
9 Ann. Cas. 1083, is referred to and an excerpt from the opin-
ion approvingly quoted in the Isaacs Case.  But there, too,
and as stated in the Goff Case, "the decree declared the ali-
mony a lien 'on all the real estate owned by defendant
Goff' "; and in the syllabus the quære is stated:

"Can a court, in a divorce case, declare alimony a lien on specific
land brought before the court in case the defendant is a non-
resident?" etc.

The court answered the question in the affirmative.  Not-
withstanding this, it nevertheless is to be noted that in the
opinion, both in the Isaacs and in the Goff Case, it is declared

that the statute relating to ordinary money judgments, in substance similar to ours, itself gave a lien, not only to secure the payment of past-due installments, but also installments to become due. However, it seems that such views were so expressed to show that the court had power by its decree to declare and impress a lien as was there done; and it may well be doubted whether the court would have used the unqualified language used in those cases, and whether the same conclusions with respect to the lien applying to future installments would have been reached had not the decrees there themselves so declared and impressed a lien.

The appellant also cites *Hall* v. *Harrington,* 7 Colo. App. 474, 44 P. 365. There the decree required the husband to pay $1,000 alimony in two equal installments of $500—$200 attorney's fee, and $30 a month for the maintenance of two minor children. Pending the action, the husband conveyed his real estate. After the decree, the wife brought an action to set aside the conveyance on the ground of fraud. She prevailed. The divorce decree made it a lien on all the real estate of the husband in the state to secure the payment of the awarded alimony. It was contended that the county court which granted the decree could impress a lien only on real estate of the husband in the county, and that property so sought to be charged was required to be specifically described, either in the bill or in the decree, which was not done, and that therefore the decree in such particular was void. The court, leaving such questions undecided, observed that, even though the decree may not be upheld to establish a lien, yet, if it was valid as a decree for divorce and as one adjudging alimony against the husband, it became thereby, as to the sums mentioned therein, a judgment against him for so much money which was enforceable in the ordinary way by execution, and by filing a transcript of the judgment in the clerk's office, made it a lien on the property of the husband in such county. With such observations the court further said:

"Under these circumstances, we see no reason to disturb the judgment because the decree of the county court may be in some particulars open to criticism. The power of courts which have authority

to render decrees of divorce to make their decree effectual by declaring them liens on property owned by the defendant in the state has been adjudged by this court in a recent case, wherein the whole subject was thoroughly examined by the learned judge writing the opinion. *Hanscom* v. *Hanscom*, 6 Colo. App. 97, 39 P. 885."

We do not think the case may be regarded as supporting the proposition so fully contended for by the appellant. The claim here made, that the decree awarding alimony not in a gross sum but to be paid monthly for an indefinite period is under the statute a lien, not only to secure the payment of past-due installments, but also future installments, was a proposition not involved and not considered or discussed in *Hall* v. *Harrington*. Nor may such a holding fairly be deduced from that case. Further, the alimony there was awarded in a gross sum.

*Raymond* v. *Blancgrass*, 36 Mont. 449, 93 P. 648, 15 L. R. A. (N. S.) 976, is also cited. There a decree of separate maintenance was granted, and the husband directed to pay the wife monthly the sum of $80 during their joint lives or until the further order of the court. Later the wife brought an action against persons who, it was alleged, while the divorce action was pending, confederated and connived with the husband to deprive her of her rights in his property, and in furtherance thereof took and drove away 150 head of sheep the property of the husband. As stated in the opinion, it is not clear whether the complaint attempted to state a cause of action for conversion, or for damages in the nature of an action on the case, or to invoke the aid of equity to reach assets of her husband beyond execution. The plaintiff had judgment for the value of the sheep. The court, on appeal, held that the complaint from any viewpoint did not state a cause of action, and reversed the judgment. In considering the question of whether the complaint stated a cause of action for damages on the theory that, by the alleged wrongful acts of the defendants, the plaintiff was prevented in part from having satisfaction of her judgment against her husband, the court observed that decrees in equity, in so far as they award a recovery of money, are not different from other judgments at law, and, when properly docketed, be-

come liens upon the real estate of the debtor, and are enforce-
able by execution just as judgments in legal actions, by rea-
son of which the court further observed that the plaintiff be-
came a creditor for the amount adjudged to be due her, and
occupied toward her husband the position of any other cred-
itor, and was entitled to the same relief in equity and to
maintain an action at law upon any ground available to any
other creditor.   Conceding all that, we do not see wherein
the case supports the appellant here.   The court had not un-
der consideration any question or kindred question of lien.
It was not there claimed that an ordinary money judgment
was a lien on mere personal property or that the decree
there by virtue of the statute or otherwise was a lien on the
sheep, or would have been had they not been disposed of.
Had they not been disposed of, or though in the possession
of others, but still the property of the husband, and in either
case subject to execution, nevertheless the execution could be
to satisfy only due and past-due installments, but not to
satisfy future installments not yet due.   We think the case
does not help the appellant.

Thus from what has been said it follows that the complaint
here does not state a cause of action, and that the demurrer
thereto was properly sustained.   The judgment of the court
below is therefore affirmed.

GIDEON, C. J., and THURMAN, FRICK, and CHERRY,
JJ., concur.