[Civ. No. 14542.   First Dist., Div. Two.   Feb. 13, 1951.]

INEZ MILLARD, Respondent, v. MAXWELL MILLARD, Appellant.

John Charles Houlihan for Appellant.

Cooley, Crowley & Gaither for Respondent.

DOOLING, J.—Plaintiff procured a final decree of divorce from defendant in 1942 by the terms of which plaintiff was awarded the custody of a daughter, Barbara, and defendant the custody of a son, Craig. The decree ordered defendant to pay plaintiff $50 a month for his daughter's support. Payments were made in full under this decree to January, 1946; but no payments were made thereafter. In October, 1949, plaintiff served and filed a notice of motion for execution on these unpaid instalments, supported by plaintiff's affidavit. Before this motion was heard plaintiff made an ex parte application for execution and execution was ordered issued upon this application on November 4, 1949. Defendant opposed the noticed motion and after a hearing the court on November 14, 1949, ordered execution to issue with the following qualification: "that said Order for Issuance of Execution be stayed until a final adverse determination be made as to the validity of an Ex Parte Order made herein for issuance of execution under Section 681, C.C.P. on November 4th, 1949."

Defendant moved to quash the order for execution made ex parte and this motion to quash was denied on December 13. From the order for issuance of execution of November 14 and the order of December 13 denying his motion to quash defendant has appealed. Since the order of November 14 is by its own terms stayed until the order of November 4 is invalidated it will not be necessary to consider the order of November 14 further if we determine that the order of December 13 refusing to quash the writ of execution issued November 4 must be affirmed.

Defendant attacks the ex parte order of November 4 on the ground that the judgment being over five years old execution could only issue after a noticed motion supported by a showing of diligence under Code of Civil Procedure, section 685. Since all the instalments for which execution issued accrued within five years of the date of the ex parte application the rule announced in *Lohman* v. *Lohman,* 29 Cal.2d 144 [173 P.2d 657]; *Wolfe* v. *Wolfe,* 30 Cal.2d 1 [180 P.2d 345]; and *Di Corpo* v. *Di Corpo,* 33 Cal.2d 195 [200 P.2d 529] is applicable. ■ The rule of these cases is that although an instalment judgment was entered over five years

before the application for execution is made a writ of execution will issue under Code of Civil Procedure, section 681 as a matter of right for instalments accruing within the five-year period on an ex parte application showing that such instalments have not been paid. Defendant asks us to reexamine this rule. It would be futile for an intermediate court to attempt the reappraisement of a rule which the majority of the Supreme Court has so recently and definitely stated on three successive occasions.

Defendant attempted on his motion to quash to show equitable grounds sufficient to bar the plaintiff's right to execution. (*Lohman* v. *Lohman, supra,* 29 Cal.2d at p. 150; *Cochrane* v. *Cochrane,* 57 Cal.App.2d 937, 939-940 [135 P.2d 714].) If his affidavits were believed by the trial court, on December 27, 1945, plaintiff, plaintiff's present husband and defendant entered into an oral agreement whereby defendant agreed to give his written consent to the adoption of his daughter by plaintiff's present husband, plaintiff agreed to give her written consent to the adoption of her son by defendant's present wife, and plaintiff agreed to waive payment by defendant of all future instalments provided for the daughter's support. Thereafter despite her oral agreement (still paraphrasing defendant's affidavits) plaintiff refused to give her consent to the adoption of her son by defendant's wife, but nonetheless defendant was at all times willing to give his consent to his daughter's adoption and relying on the oral agreement defendant failed to make any payments under the decree thereafter, and by reason of a change of business and a consequently reduced income it would now be a hardship on defendant to be compelled to make such payments.

We need not decide whether this showing if uncontroverted would be such as to compel the court as a matter of law to order the execution to be quashed, because this version of the facts was controverted in important particulars.

The divergent versions of plaintiff and defendant are highlighted by the following quotations from their affidavits before the court in passing upon the two motions. The plaintiff's affidavit recites:

"That on or about the 27th day of December, 1945, a discussion was had between plaintiff's present husband and defendant concerning a consent by defendant to the adoption by plaintiff's present husband of the said minor child, Barbara Millard; that at said time, defendant agreed that he believed

that it would be to the said child's best interests if such an adoption was made, and agreed that he would give his written consent thereto; that plaintiff's present husband then stated that if defendant would so consent to such an adoption, in writing, he the said defendant would no longer be required to make the payment required of him to be made to affiant for the support and maintenance of said minor child Barbara Millard; that said agreement was entirely oral; that defendant subsequently refused to give his written consent to such an adoption unless affiant consent to an adoption by defendant's present wife of another minor child of plaintiff and defendant; that affiant refused to consent to this and defendant thereupon discontinued making payments for the support of Barbara Millard, the minor daughter of the parties hereto, as required by the provisions of the order heretofore set out, and has refused and still refuses to comply with the terms of said order.''

In contrast we quote from defendant's affidavit:

''That defendant alleges, contrary to the hereinbefore mentioned affidavits of plaintiff, that the discussion between the parties on the 27th day of December, 1945, resulted, in addition (to) the representations that defendant would no longer be expected to comply with the said order, in a mutual agreement that defendant would consent to the adoption of Barbara Millard by plaintiff's present husband and that plaintiff would consent to the adoption of Craig Millard, the other minor child of the parties, by defendant's present wife; that this agreement was separate and apart from the agreement between plaintiff and defendant that defendant would no longer be required to forward the support money payments; that defendant relied upon the agreement concerning the mutual adoptions and within four (4) months thereafter instructed his attorney to take the necessary steps to procure the adoption of Craig Millard by defendant's present wife; that said proceeding was instituted in the Superior Court of the State of California, in and for the County of San Mateo on the 23rd day of May, 1946, and was dismissed in September of 1946, at the request of the petitioner, Vera Edith Millard, after plaintiff refused to consent thereto; that although no petition for the adoption of Barbara Millard was filed from December, 1945, until the date hereof, defendant has remained willing to consent to the adoption by plaintiff's present husband.''

■ We must assume in support of the challenged orders that the trial judge found the facts most favorable to plaintiff and it is elementary that on appeal not only must all conflicts in the evidence be resolved in favor of the court's orders but where there is room for conflicting inferences the inferences most favorable to those orders must be drawn. (*Wright* v. *Delta Properties, Inc.*, 79 Cal.App.2d 470 [180 P.2d 57].)

■ Following this settled rule we must assume that the trial judge found that the promise to waive future payments under the decree was only to become operative on defendant's giving his written consent to the adoption of his daughter and was not an independent promise as stated in defendant's affidavit; that it was not a part of this oral agreement that plaintiff would give her consent to the adoption of her son by defendant's wife, but that in violation of his agreement to give his written consent to his daughter's adoption defendant nevertheless refused to give such consent unless **plaintiff** would give her written consent to the adoption of her son; and that following plaintiff's refusal to give such consent defendant thereafter refused to make any further payments under the decree. In this view of the facts defendant's tardy execution and mailing of such written consent after proceedings to secure execution had been instituted might reasonably be considered by the trial judge as a belated attempt to secure the benefits of an agreement which defendant had theretofore repudiated because of plaintiff's refusal to consent to the adoption of her son by defendant's wife.

The order denying defendant's motion to recall and quash the writ of execution is affirmed. ■ The order of November 14, 1949, is inoperative by its own terms until the order for execution of November 4 is declared invalid and since that contingency will not occur the appeal from that order presents a moot question. The appeal from the order of November 14, 1949, is accordingly dismissed.

Schottky, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 12, 1951.