[Civ. No. 18598.   Second Dist., Div. Three.   Jan. 9, 1952.]

ANITA STEELE, Appellant, v. JOHN A. STEELE, Respondent.

William E. Empey for Appellant.

No appearance for Respondent.

VALLÉE, J.—Appeal by plaintiff from an order recalling a writ of execution and ordering defendant to pay an arrearage of $949.39, accumulated under an order for support, at the rate of $10 a month.

On February 17, 1938, plaintiff was granted an interlocutory judgment of divorce from defendant by which he was ordered to pay plaintiff $75 a month for her support and that of minor children. On January 5, 1942, an order was made reducing the amount to be paid to $65 a month. On October 24, 1950, plaintiff filed an affidavit in which she averred that defendant was $909.39 in arrears. On November 6, 1950, without notice to defendant, a writ of execution issued. All the installments for which execution issued accrued within five years of the date of the ex parte application. On November 13, 1950, defendant filed a notice of motion that the order of January 5, 1942, "be modified to require the payment of only $50 per month commencing August 15, 1943,

and ending September 30, 1950," and the writ of execution be recalled.

On November 13, 1950, want of notice of defendant's motion having been waived, the court found that defendant owed plaintiff $949.39, and made an order which in pertinent part reads: "defendant is ordered to pay the same at $10.00 per month to plaintiff on the same dates as heretofore ordered: the writ of execution is recalled." The trial judge acted on the erroneous view that a writ of execution could not issue except on notice "where the order was made over five years ago." Plaintiff appeals from the quoted portions of the order of November 13, 1950.

Plaintiff had an absolute right to have the writ of execution issued and levied. ■ A judgment for alimony is final and cannot be modified as to accrued installments. (*Keck* v. *Keck*, 219 Cal. 316, 320 [26 P.2d 300].) ■ A party to a divorce action is entitled to execution as to unpaid installments of a support award that have accrued within five years of the date of the application on an ex parte application although it be made more than five years after entry of the decree or order making the award. (*Wolfe* v. *Wolfe*, 30 Cal.2d 1, 4 [180 P.2d 345]; *Di Corpo* v. *Di Corpo*, 33 Cal.2d 195, 201 [200 P.2d 529]; *Millard* v. *Millard*, 102 Cal.App.2d 249, 250 [227 P.2d 477].)

The part of the order of November 13, 1950, which reads "defendant is ordered to pay the same at $10.00 per month to plaintiff on the same dates as heretofore ordered; the writ of execution is recalled" is reversed.

Shinn, P. J., and Wood (Parker), J., concurred.