[Civ. No. 20350. Second Dist., Div. Two. Sept. 29, 1954.]

## CARMEN MERLE COLBY, Appellant, v. HARRY WILLIAM COLBY, Respondent.

Barry Sullivan for Appellant.

Johnson, Thorne, Speed & Bamford and John E. Thorne for Respondent.

MOORE, P. J.—Appeal from order quashing writ of execution.

The interlocutory decree of divorce was awarded appellant December 7, 1943, providing for weekly payments of $42.50 for the support of appellant and their two infants, Ronald, age 2 years, and Michael, age 9 months. In the summer of 1945, appellant informed respondent, then residing in San Jose, that she wished a large sum of money and proposed

to him that for such payment she would release him from any further obligation to make the payments. She stated that she intended to remarry and needed money for such purpose. Thereupon, they agreed that for respondent's payment of $742.50, he would no longer be obliged to make the child support payments unless called upon by appellant to do so. The sum was paid by means of a cashier's check drawn on a bank in San Jose and was cashed by appellant, October 1, 1945.

On departing from Los Angeles in the fall of 1945, appellant did not advise respondent of her intended destination or where the children were or would be. He sought such knowledge by letters directed to her last known address but the missives were returned, and attempts by respondent to locate appellant through her parents proved futile. Prior to respondent's successfully locating appellant in the fall of 1950, his children had not lived with her but had resided with various relatives and friends of their mother and in a "boys home" in New Orleans. Respondent attempted to obtain their custody in order to bring them to his home in San Jose where he had continuously resided after having paid the $742.50 to appellant. He finally succeeded in gaining custody of the children in March, 1952, and brought them to his own home. Pursuant to her threat to come to California to regain custody, appellant arrived in San Jose, June 13, 1953. Having gained respondent's consent to take the children to the beach for the week end, she made a hasty retreat with them to New Orleans, of which fact appellant on June 16th advised respondent by telegram. Thereupon, armed with letters of guardianship, the father promptly visited the Crescent City and returned his boys to California.

On arriving at San Jose, respondent by accident discovered a writ of execution attached to his property for the collection of $7,735. Respondent's notice of motion to quash the writ and the levy thereof was filed and proceedings pursuant thereto resulted in the issuance on August 17, 1953, of a restraining order inhibiting the sheriff of Santa Clara County from selling respondent's property, and on August 26, 1953, the same court made and entered its order quashing the writ of execution and making other provisions with reference to the issuance of an execution.*

---

*"'The motion of defendant to quash writ of execution having been heretofore made on August 17, 1953, and said matter having been ready for submission on that date but permission having been granted to each

. Appellant asserts the propriety and validity of an ex parte order for an execution for sums payable to the plaintiff under an interlocutory judgment of divorce and insists that such order is final, citing *Wolfson* v. *Hadden,* 105 Cal.App.2d 147 . [233 P.2d 145]. The cited decision is not authority for such proposition. The writ in that case was issued pursuant to section 685, Code of Civil Procedure, and was justified by abundant proof after notice to the debtor.

She next urges that under ·a judgment for installments accruing within five years, a writ of execution to enforce such payments will be issued ex parte and is not subject to collateral attack. *Milstein* v. *Turner,* 89 Cal.App.2d 296 [200 P.2d 799], cited in support thereof, is not pertinent. The execution in the Milstein case was issued after notice and a hearing at which the defendant offered no opposition. Having obtained an ex parte order staying the execution, he then moved to vacate that order on the ground that the motion for the writ and the affidavit on which the original motion was predicated were insufficient. The defendant's motion was continued from October 1 to January 7. The plaintiff having unsuccessfully attempted to dissolve the order staying the execution, he sought its dissolution by mandate. The appellate court, while conceding the power of the trial court to stay the execution when necessary to do justice, held that the argument of the defendant should have been made before the trial judge on the hearing of the motion for the issuance of the execution. In the case at bar, the writ of execution was issued without notice to defendant.

Appellant next contends that a court may not stay execu-

party to file points and authorities and further affidavits and the sale of property under said writ having heretofore been restrained, and thereafter and on the 26th day of August, 1953, said restraining order having been vacated and set aside, and it appearing to the court that said matter may become moot unless said motion is submitted and decided forthwith, the court on its own motion revokes and vacates said permission to file points and authorities and further affidavits nunc pro tunc as of the 17th day of August, 1953, and orders said motion to quash writ of· execution submitted forthwith for decision. Pursuant to said submission, the court now orders said motion to quash writ of execution granted and said writ of execution heretofore ordered issued on the 17th day of June, 1953, and issued on or about the 18th day of June, 1953, is quashed, vacated, and set aside, without prejudice to the right of plaintiff to make further application for a writ of execution on said judgment supported by affidavit setting forth facts as to any agreement with defendant as to future payments under said judgment, the places of residence and person or persons having custody of said children and source or sources of support of said children during the period or periods of time as to which execution is sought, and any other pertinent facts which will enable the court to determine the amount for which such writ should issue.''

tion on its own motion or by ex parte order, citing *Del Riccio v. Superior Court,* 115 Cal.App.2d 29 [251 P.2d 678]. The cited decision involved the question of staying the order for an execution after the sheriff had already collected the money under the writ. It was there held that when a court has acquired equitable jurisdiction of a controversy, it may take whatever action is necessary in the interest of justice to the end that its judgment will not fail. However, in the case at bar no money had been collected, no sale of the property under the writ had occurred.

It is next contended that the right to have execution issued is statutory and that after discretion has once been exercised, the order so made cannot be set aside except on legal grounds, citing *Brown v. Pacific Coast Agency,* 53 Cal.App. 788 [200 P. 977]. In the cited case the judgment was on a promissory note and the defendant had ample opportunity to prove his opposition to the issuance of the writ. In the case at bar, respondent was not served with notice of the application for the writ. After having learned of its levy, he applied for a stay of it to the chancellor who had acquired original jurisdiction of the cause and still retained power to adjudicate all issues arising from attempts to enforce the decree. Because the court had authority to act upon respondent's motion to set aside the levy and quash the execution, appellant's sole contention is that respondent did not present adequate proof of the ground he alleged as the basis for the proposed order. She would by such claim lead this court into error. The evidence that justified the superior court's conclusion was the testimony of respondent that he had settled the judgment by paying appellant the sum she demanded for a complete discharge of his obligation. Even though the monthly payments ordered by an interlocutory judgment may have accrued within the preceding five years, a court of equity may quash the execution and cancel the judgment upon persuasive proof of an agreement that satisfied the judgment. (*Millard v. Millard,* 102 Cal.App.2d 249, 251 [227 P.2d 477]; see *Wolfe v. Wolfe,* 30 Cal.2d 1, 5 [180 P.2d 345]; *Lohman v. Lohman,* 29 Cal.2d 144, 150 [173 P.2d 657].) The fact that nonpayment of installments accruing within the past five years may, prima facie, entitle the judgment creditor to the issuance of an execution to enforce his judgment, does not alter the court's equitable jurisdiction to grant relief against a judgment which has actually been satisfied *in toto.* For the court, after accepting

respondent's proof, to have denied the latter's motion to quash the writ would have been to approve a fraud and a misuse of the court's process. (*Coley* v. *Superior Court,* 89 Cal.App. 330, 335 [264 P. 1110].) Not only was respondent's testimony at the hearing on his motion to quash not contradicted, but the affidavit of appellant filed at the time contained nothing contrary to his testimony. Her averment that she "never at any time delivered to Mr. Colby, or anyone for him, any signed agreement or stipulation for the modification of the order of the court" is immaterial. Respondent's testimony and his production of the cashier's check showing payment to appellant of $742.50 convinced the court that the judgment had been satisfied. Furthermore, the bad faith of appellant is glaring in the proof that she had left the children in the care of various relatives or in a boys' home, and in her averment that she did not know where respondent was after he had left Los Angeles. He was at San Jose when they made their settlement and has had no other domicile since that time. Also, she made no attempt to have respondent served with the execution that was posted on his property.

The record discloses satisfactory and abundant proof that the trial court acted with seasoned discretion and punctilious regard for the equities of the case.

Order affirmed.

McComb, J., and Fox, J., concurred.