350 P.2d 622

Beatrice J. BOYLE, now Beatrice J. Wynes, Plaintiff and Appellant,

v.

Glen A. BAGGS and Freddie Baggs, his wife, Defendants and Respondents.

No. 9141.

Supreme Court of Utah.

March 24, 1960.

8. State v. Sullivan, 73 Utah 582, 591, 276 P. 166; State v. Mitchell, 3 Utah 2d 70, 278 P.2d 618.

Glenn W. Adams, Ogden, for appellant.

Richards, Alsup & Richards, Ogden, for respondents.

CROCKETT, Chief Justice.

The question presented on this appeal is whether a divorce decree requiring one to pay support money constitutes a lien against his real property.

Beatrice J. Boyle (now Wynes) obtained a divorce from George A. Boyle, Jr. on March 4, 1948, and was awarded $40 per month for support of their minor child. It is undisputed that at the time material here there had accrued $987.50 exclusive of interest in unpaid support payments under the decree but there had been no adjudication thereof. On August 4, 1954, defendant George A. Boyle, Jr. purchased certain real property, the subject of dispute here. He conveyed by deed to the defendants Baggs on September 19, 1955. Three months after that transfer plaintiff commenced this proceeding alleging the delinquency and seeking to enforce a lien upon the property and against Baggs, by reason of the judgment. Another sale to parties not here involved was in process, and by stipulation

sufficient proceeds from that sale were deposited with the court pending determination whether the plaintiff or Baggs should receive the money. From judgment for the latter plaintiff appeals.

Plaintiff's contention that the decree ordering monthly payments automatically establishes a lien as each payment accrues and is unpaid is based on Section 78–22–1, U.C.A.1953, which provides:

"Lien of judgment.—From the time the judgment is docketed it becomes a lien upon all of the real property of the judgment debtor, not exempt from execution, in the county in which the judgment is entered, owned by him at the time or by him thereafter acquired during the existence of said lien. * * * The lien shall continue for eight years * * *."

In addressing the problem whether the above statute makes a divorce decree a lien upon real property, it may be conceded that it does so even if the award is for future instalments, if the decree, or a subsequent adjudication, specifies a definite total sum to be paid;[1] or if by its terms it impresses a lien upon specific property,[2] or if there is a statute expressly giving the decree the effect of a lien.[3] We are not here concerned with those situations, but simply with a decree which provides for the monthly payment of support money without further adjudication as to whether payments have been made or not.

Plaintiff's position is that such a decree imposes a lien upon the property of the defendant and gives a purchaser notice, obliging him to ascertain whether the payments of support money have been currently paid. She urges that such view is in conformity with the purpose of the statute: to enforce the payment of judgments; and particularly so in regard to divorce decrees because of the desirability of making it easier for dependents to collect family support, which purpose would be served by exerting pressure upon defendants to make the payments to keep titles to their realty clear; and also by compelling purchasers to exact that such be done as a condition precedent to purchasing the property. It is not to be pretended that these arguments as to benefits to dependent ex-wives and children are entirely without merit. But there are other matters to be taken into account which we discuss below.

1. See Esselstyn v. Casteel, 205 Or. 344, 286 P.2d 665, 288 P.2d 214 and cases collated in annotation 59 A.L.R.2d 656, at p. 658, footnotes 1 & 2; see also Beesley v. Badger, 66 Utah 194, 240 P. 458.

2. That a court by use of its equitable powers may impress a lien, see cases collated in 59 A.L.R.2d 656, at p. 663; see also Beesley v. Badger, footnote 1, supra.

3. Melizet v. Melizet, 1845, 3 Clark 45, 4 Pa.L.J. 381; Lynn v. Lynn, 1921, 76 Pa. Super. 444; see 59 A.L.R.2d 656, at p. 668.

█ A number of cases relied on by the plaintiff as authority for facilitating the enforcement of divorce decrees do not deal directly with the question whether a lien exists and is effective as against third party transferees, but are concerned with whether execution may issue upon such a decree in the absence of determination of a fixed sum as a judgment.[4] We here observe that we see no reason why, as between the primary parties to the divorce action, the court could not, upon the basis of a sworn affidavit or other pleading, direct that execution issue to assist in enforcing the decree. However, a different situation exists where the rights of third parties are involved as in the case of a claim of lien.

The question we here confront is the subject of an annotation in 59 A.L.R.2d 656 et seq. While there appears to be some difference among the authorities with respect to it, a minority of jurisdictions being cited for the rule that such a decree does establish a lien, an examination of the cases will reveal that the authorities are quite generally in accord with what we believe to be the sound view: that except in the instances hereinabove noted, a divorce decree providing for the periodic payments of support money or alimony does not constitute a lien upon the real property of the judgment debtor.[5] This idea is reflected in Beesley v. Badger, in which Justice Straup, speaking for this court, stated that under the wording of our statute no lien would attach unless there is an adjudication for a definite total sum of money.[6] There are a number of considerations which support this conclusion.

█ It is unquestioned that the judgment lien is a creature of statute and derives its sanction and effect therefrom. Our statute, quoted above, pertains to judgments generally, and we have no provision dealing particularly with the creation of liens by a decree of divorce. There are a number of reasons why such a decree should be regarded as different from the ordinary judgment for the payment of money. Its benefits and its obligations often last for years between the parties involved, and it is in that respect more personal in character than the usual judgment. Conditions may change, and the court has continuing jurisdiction to make such subsequent modifications as appear to be equitable and just.[7]

Even though the decree recites the monthly payments to be made, a number

---

4. Kephart v. Kephart, 89 U.S.App.D.C. 373, 193 F.2d 677; Snow v. Snow, 188 La. 660, 177 So. 793; Steele v. Steele, 108 Cal.App.2d 595, 239 P.2d 63; Wolfe v. Wolfe, 30 Cal.2d 1, 180 P.2d 345; Di Corpo v. Di Corpo, 33 Cal.2d 195, 200 P.2d 529; Millard v. Millard, 102 Cal. App.2d 249, 227 P.2d 477.
5. See cases collated: 59 A.L.R.2d, p. 659 et seq.
6. Beesley v. Badger, footnote 1, supra.
7. Sec. 30–3–5, U.C.A.1953.

of situations may exist where there would be no debt under the decree, and which facts would not be shown by an examination of the record: the first of these is that the payments may have been made as required; or as to alimony, the wife may have remarried;[8] or some settlement or compromise dehors the record may have been effected; a child or children may have been living with the father, or with someone else entitled to the support money; or may have been adopted by another; or may even have died. As between the parties, such circumstances could be shown in any determination of the amount due under the decree. But because of the special nature of such a judgment, even though a purchaser may be charged with notice of it, he would not necessarily know the current situation between the parties and whether it represents a debt or not. And he may be at a serious disadvantage to ascertain those facts.

There are also other difficulties in dealing with property if a divorce decree should be regarded as a lien upon it. Even though the defendant may have made all of his payments and have receipts therefor, no amount of documentary proof from him could be conclusive. If the plaintiff later asserted a lien and claimed payments had not been made, the purchaser would be involved in litigation in which he might not have much help. He would have to guard against this by requiring a prior release from the plaintiff, or in some instances by a guardian of the children, or by an adjudication. Because of the quite natural wont of ex-wives to remarry and move about, sometimes out of the jurisdiction, and the commonness of disputes as to whether and what amount of such payments have been made, numerous difficulties are evident which make it impractical to regard such a decree as a lien as in the case of the ordinary judgment.

The other side of the coin we have been examining is that it is simpler and more practical to require the plaintiff who desires to claim a lien upon real property to file an affidavit or petition and have the court adjudicate any existing delinquency under the decree. This procedure is neither complicated nor unduly burdensome and it seems a great deal more fair and practical to require that this be done than to place the more difficult burden upon the defendant and possible purchasers of real estate.

Consistent with the view that the burden should be upon the plaintiff to take such affirmative action to establish a lien is the fact that if one is required to decide one way or the other from the bare record, there is at least as sound a basis for assuming that the obligations under the decree have been met as there is for assuming that they have not, because it is in ac-

8. See Austad v. Austad, 2 Utah 2d 49, 269 P.2d 284, 48 A.L.R.2d 256.

cordance with the general policy of the law to assume right conduct rather than wrong conduct unless the latter is shown. Furthermore, it is also the policy of the law, insofar as consistent with principles of justice and equity, to keep land titles clear and to encourage alienability of property rather than the contrary.

We have discussed the effect of the alternatives contended for by the respective parties in interpreting and applying the statute because where there is uncertainty with respect thereto it is within the prerogative of the court to look to the purpose of the statute and also to the effect it will have, and to resolve doubts in favor of the alternative which will make it practical and workable in operation. The foregoing considerations impel us to the conclusion that the trial court was correct in its determination that under our judgment lien statute hereinabove quoted the divorce decree providing for periodic payments of support money did not create a lien upon the real property in question.

Affirmed. Costs to respondents.

HENRIOD, McDONOUGH and CALLISTER, JJ., concur.

WADE, Justice.

I dissent for I think the prevailing opinion reads into the judgment lien statute a provision contrary to its wording and intended meaning and overlooks the intention of the legislature that this statute aid the judgment creditor to collect the judgment and not aid the judgment debtor to avoid payment of his debt, nor make it easy for his transferee to establish a clear title to real property purchased from the judgment debtor.

Section 78–22–1, U.C.A.1953 provides that "(F)rom the time the judgment is docketed it becomes a lien upon all real property of the judgment debtor, * * * owned by him at the time or by him thereafter acquired * * *." This, to my mind, is a clear statement with no ambiguity, to the effect that after the judgment is docketed it becomes a lien against all real property of the judgment debtor which he owns at the time of the docketing, or later acquires, to secure the payment of all money which becomes owing under the terms and provisions of such judgment during its lifetime. That statute contains no provision excepting from such lien a judgment debt which was originally only a contingent liability but which, after future instalments became due and owing, became a judgment against the judgment debtor. Nor is there any requirement that the happening of such contingency be determined by the court, or that an additional judgment for a specified amount be entered in order to create a lien against the real property of the judgment debtor. All of such provisions were read into this statute by the prevailing opinion and are not indicated by any wording contained in the statute.

The case of Beesley v. Badger,[1] referred to in the prevailing opinion does not support or sustain its conclusions. In that case this court affirmed the dismissal of an action on a demurrer to a complaint which alleged that plaintiff had purchased land from defendant who warranted the title thereto. The claimed violation of such warranty was that the defendant's former wife had obtained a decree of divorce against him which required him to pay alimony and support money in future monthly instalments. There was no claim that any instalment had accrued and was unpaid, either at the time of the conveyance or the time of the commencement of the action. All that case holds is that there was no judgment lien against defendant's real property since there was no money owing under the judgment. Incidentally, the note in 59 A.L.R.2d 656 cited in the prevailing opinion cites this case as holding in accordance with my contention here and contrary to the conclusions reached in the prevailing opinion.

The prevailing opinion emphasizes the difficulties which this kind of a judgment lien would place on the judgment debtor and his successor in interest in real property. It overlooks that the judgment lien statute was enacted to enable the judgment creditor to collect the judgment, not to make it convenient for the judgment debtor to transfer his real property without paying the judgment lien, nor for the convenience of the purchaser of such property in obtaining a clear title. There is no kind of a judgment where the judgment creditor needs a judgment lien more than in a divorce decree which requires alimony and support money payments to be made in future instalments. The legislature has recognized this difficulty by providing for continuing jurisdiction in the court, and contempt proceedings for failure to pay as ordered. The public is also interested in such collections, for the failure to collect such instalment payments often places the divorced wife and children on the public for support. There is no kind of a judgment that causes more contests and litigation than the collection of a judgment for future alimony and support money instalments.

The fact that in some future instalment of alimony and support money judgments there may be cases where there is no money owing, does not seem to be a good reason why, where money is owing there should not be a lien against judgment debtor's real property. In ordinary money judgments it is not uncommon for the record to show a judgment although the obligation has been fully paid or otherwise discharged. Also it would not be more difficult for a former husband to keep track of the whereabouts of his former wife, especially if she is raising his children,

---

1. Beesley v. Badger, 66 Utah 194, 240 P. 458.

than for the ordinary judgment creditor to keep track of the whereabouts of the judgment debtor. Certainly where she is collecting monthly instalments he would know where to find her even though she had remarried. Usually a divorce decree directs that the monthly instalments be paid to the clerk of the court and where he complies with such direction a record of the payments which he made is readily available. So, I conclude that to make the divorced wife prove that there are unpaid instalments which are owing on a divorce decree, creates a definite hardship on the wife, and that such burden should be upon the husband to show that he has made the payments rather than on her to show otherwise.