**Jean SEELEY (Park), Plaintiff and Respondent,**

v.

**Leo P. PARK, Defendant and Appellant.**

**No. 13643.**

Supreme Court of Utah.

March 4, 1975.

Ronald C. Barker, Elmer Thomas Davis, Jr., Salt Lake City, for defendant and appellant.

Lawrence E. Stevens, Parsons, Behle & Latimer, Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

The question presented by this appeal is whether or not the statute of limitation applies to past due unpaid installments under a divorce decree.

The parties hereto were divorced in October, 1959. The plaintiff was awarded custody of a minor child, and the defendant was ordered to pay plaintiff the sum of $40 per month as support money for the child.

The present controversy was initiated by an order to show cause why the defendant should not be held in contempt for his failure to pay support money. His arrearage is in the amount of $5,800, being for twelve years and one month.

The trial court ruled that the statute of limitation did not apply and awarded judgment in the amount of $5,800. The statute provides that an action upon a judgment of any court of any state within the United States must be commenced within eight years from the time it becomes final.[1]

Installments under a decree of divorce for alimony or support of minor children become final judgments as soon as they are due and cannot thereafter be modified.

The case of Beesley v. Badger[2] is of interest. There, Badger and his then wife sold realty to Beesley by warranty deed. By a decree of court Badger was ordered to make monthly payments to his former wife as alimony and support. Beesley thought the entry of the divorce decree clouded the realty and sued for breach of warranty. Nothing was said about past due installments and no claim was made that Badger was in arrears. This court held there was no breach of warranty and in the course of the opinion said:

. . . By the weight of authority, and as we think the better reason, al-

---

1. Sections 78–12–1 and 78–12–22, U.C.A. 1953.

2. 66 Utah 194, 240 P. 458 (1925).

though there are cases to the contrary, a decree for alimony in a gross sum as well as to past-due and unpaid installments stands upon the same footing as ordinary money judgments and may be enforced by execution in the same manner as ordinary money judgments may be enforced. . . .

In the case of Openshaw v. Openshaw [3] the defendant had not paid all of the installments for alimony and support as ordered by the decree of divorce. The question was raised as to whether the statute of limitation applied. This court held that it did and stated, "Execution therefore may issue for the arrearages accumulated within a period of eight years."

The law is stated in the case of Simmons v. Simmons [4] to be:

When a judgment is rendered, payable in installments, the statute begins to run against the judgment from the time fixed for the payment of each installment for the part then payable.

See cases collected in the annotation in 70 A.L.R.2d at page 1258.

The appellant claims that he is entitled to credit for payments made against the accruals during the eight years not excluded by the statute of limitations. The presumption is that a payment made without specific allocation is to be applied against the oldest part of the debt.

The judgment is affirmed in the amount of $3,840 (96 × $40) and the case is remanded with directions to correct the judgment so as to give effect to the statute of limitations.

No costs are awarded.

HENRIOD, C. J., and CROCKETT, TUCKETT and MAUGHAN, JJ., concur.

3. 105 Utah 574, 144 P.2d 528 (1943).

4. 67 S.D. 145, 290 N.W. 319 (1940).