Juanita Joan **HOLLINGSHEAD,**
Appellant (Plaintiff),

v.

Joe William **HOLLINGSHEAD,**
Appellee (Defendant).

No. 96–149.

Supreme Court of Wyoming.

July 18, 1997.

William U. Hill, Attorney General; Michael L. Hubbard, Deputy Attorney General; Rowena Heckert, Senior Assistant Attorney General; Cynthia L. Harnett, Assistant Attorney General; and Dan Wilde, Assistant Attorney General, argued, for Appellant.

Thomas A. Thompson, of Williams, Kelly, Waldrip & Thompson, LC, Rawlins, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

THOMAS, Justice.

The question posed in this case is whether periodic payments ordered for child support are to be treated as judgments prior to the effective date of WYO. STAT. § 20–2–113(a) (Supp.1989). The district court ruled that a periodic child support payment is a liability created by statute and applied the eight year statute of limitations found in WYO. STAT. § 1–3–105(a)(ii)(B) (1988). The result was that payments that became due more than eight years prior to the filing of the motion to enforce the payments were barred. We hold that, in the absence of a statute, a decree for periodic payments of child support creates sequential judgments enforceable under the statutory procedure for enforcement of judgments, with the result that none were barred in this case. The Judgment on Arrears is reversed, and the case is remanded for further proceedings in accordance with this opinion.

In the Brief of State of Wyoming, filed on behalf of the Appellant Juanita Joan Hollingshead, the mother, this issue is stated:

> Did the court properly apply WYO. STAT. § 1–3–105(a)(ii)(B) to limit recovery of past due child support?

Joe William Hollingshead, the father, restates the issue in his Brief of Appellee in this way:

> I. Whether the district court properly interpreted WYO. STAT. § 1–3–105(a)(ii)(B) to limit Appellant's ability to recover past due child support?

Juanita Hollingshead (mother) and Joe Hollingshead (father) were divorced in Rawlins on July 30, 1976. They had one child, Joseph Hollingshead Jr., who was almost two years old at the time of the divorce. Pursuant to the divorce decree, the father was ordered to pay One Hundred Dollars ($100.00) per month to the mother to assist in the support of the minor child. The child support was to commence on April 1, 1976, and continue each month until the child attained his majority, married, became self supporting, or otherwise was emancipated. Payments were to be made on the first day of each month.

The father paid very little of the child support over the years, and on February 8, 1996 the State, acting at the behest of the mother through its Child Support Services of Wyoming, filed a Motion for an Order to Show Cause asserting that the amount in arrears of child support was Twenty Thousand Three Hundred Twenty Nine Dollars and Eighty Cents ($20,329.80). The motion was filed by the State pursuant to the provisions of WYO. STAT. § 20–6–106. Following a

hearing held on February 26, 1996, the district court entered a Judgment on Arrears in which the court found that the father had made one child support payment in the amount of Seven Hundred Seventy Dollars and Ten Cents ($770.10) through the office of the clerk of court. The father presented evidence of further payments in the amount of Four Hundred Dollars ($400.00) for which the court gave him credit against his child support obligation of Twenty One Thousand Five Hundred Dollars ($21,500), leaving an arrearage of Twenty Thousand Three Hundred Twenty Nine Dollars and Eighty Cents ($20,329.80). The court, however, invoked the provisions of Wyo. Stat. § 1–3–105(a)(ii)(B), and ruled that any child support payment that had become payable more than eight years prior to the filing of the State's motion would be barred by the statute of limitations. The judgment awarded Six Thousand Nine Hundred Dollars ($6,900) in child support arrearage to the mother. The mother appeals the Judgment on Arrears.

For years after 1989 the same problem cannot occur because the legislature provided in Chapter 182, Session Laws 1989 that:

> In any case in which child support has been ordered to be paid to the clerk of court, any periodic payment or installment under the provisions of the decree concerning maintenance is on the date it is due a judgment by operation of law.

Wyo. Stat. § 20–2–113(a) (Supp.1989). Child support payments accruing after 1989, as judgments by operation of law, will be governed by the application of the statute of limitations that relates to judgments. If execution is not issued on a judgment within five years, the judgment becomes dormant. Wyo. Stat. § 1–17–307 (1988). The party entitled to bring the action to revive a judgment then has twenty-one years from the date the judgment becomes dormant to bring such an action. Wyo. Stat. § 1–16–503 (1988). A period of twenty-one years clearly would justify the recovery of the entire Twenty Thousand Three Hundred Twenty Nine Dollars and Eighty Cents ($20,329.80) in this case.

Some of the periodic child support payments due from the father accrued after the effective date of the 1989 statute. The State on behalf of the mother, however, also sought enforcement of payments that became due prior to 1989. The child support statutes are silent with respect to any statute of limitations that is applicable towards periodic payments or installments for the benefit of the child that accrue prior to 1989. The district court ruled that the periodic payments of child support due prior to 1989 were governed by the eight year statute of limitations found in Wyo. Stat. § 1–3–105(a)(ii)(B), which provides:

> (a) Civil actions other than for the recovery of real property can only be brought within the following periods after the cause of action accrues:
>
> \* \* \* \* \* \*
>
> (ii) Within eight (8) years, an action:
>
> \* \* \* \* \* \*
>
> (B) Upon a liability created by statute other than a forfeiture or penalty;

The premise of the district court's ruling was that child support is an obligation created by statute.

 The district court is vested with continuing jurisdiction to enforce the terms of a child support obligation. *Sharpe v. Sharpe,* 902 P.2d 210, 213 (Wyo.1995); *Nicholaus v. Nicholaus,* 756 P.2d 1338, 1340 (Wyo.1988). The applicability of a statute of limitations is a question of law to be decided by the court. *Woodard v. Cook Ford Sales, Inc.,* 927 P.2d 1168, 1170 (Wyo.1996); *Hiltz v. Robert W. Horn, P.C.,* 910 P.2d 566, 570 (Wyo.1996). Such a decision is the subject of plenary review, and no deference is accorded to the decision of the trial court. *Pete Lien & Sons, Inc. v. Ellsworth Peck Const. Co.,* 896 P.2d 761, 762 (Wyo.1995); *Harbel v. Wintermute,* 883 P.2d 359, 362 (Wyo.1994).

 The plain language of Wyo. Stat. § 1–3–105(a)(ii)(B) provides that it is a general statute of limitations to bar an action based upon a liability created by statute. *Union Pacific Resources Co. v. State,* 839 P.2d 356, 372–73 (Wyo.1992). We hold, however, that its application as a bar to the enforcement of periodic child support payments was erroneous. The district court pursuant to Wyo.

Stat. § 20–61 (1957), now Wyo. Stat. § 20–2–113 (1997), had the authority to issue a decree for periodic payments of child support. No liability on the part of any parent is created independently by the statute, however. Liability of the parent for child support is the product of the entry of a decree by the district court. Other courts have ruled that a money judgment does not come into existence until an action is brought for a determination of the amount of unpaid and delinquent installments. *Kuhn v. Kuhn,* 273 Ind. 67, 402 N.E.2d 989, 991 (1980); *Hough v. Hough,* 206 Okla. 179, 242 P.2d 162, 163 (1952). We are satisfied that the liability for such payments is not created by statute, but simply results from a decree which the statute affords the district court the authority to enter.

■ Our consideration of the applicable authorities persuades us that the legislature, in adopting the statutory provision in 1989, simply codified the common law principle that periodic child support payments are judgments arising by operation of law. Our research discloses that a majority of our sister jurisdictions have so held. *See Hooks v. Hooks,* 13 Kan.App.2d 105, 762 P.2d 846, 848 (1988); *Seeley v. Park,* 532 P.2d 684 (Utah 1975); *Beesley v. Badger,* 66 Utah 194, 240 P. 458, 460 (Utah 1925); *Hough v. Hough,* 242 P.2d at 163; *Huff v. Huff,* 648 S.W.2d 286, 287 (Tex.1983); *State of Mich., County of Shiawassee, on Behalf of Pruitt v. Pruitt,* 94 N.C.App. 713, 380 S.E.2d 809, 810 (1989); *Lindsey v. Lindsey,* 54 Wash.App. 834, 776 P.2d 172, 173 (1989); *Lynch v. Rohan,* 116 Neb. 820, 219 N.W. 239 (1928); *Schuster v. Merrill,* 56 Ariz. 114, 106 P.2d 192 (1940); *Bryant v. Bryant,* 232 Ga. 160, 205 S.E.2d 223, 225 (1974); *Hagemann v. Pinska,* 225 Mo.App. 521, 37 S.W.2d 463, 466 (1931); *Smith v. Smith,* 168 Ohio St. 447, 156 N.E.2d 113, 116 (1959); *Matson v. Matson,* 333 N.W.2d 862, 865 (Minn.1983) (applying Wisconsin law); *Walters v. Walters,* 231 Iowa 1267, 3 N.W.2d 595, 596 (1942).

In some of the states, there is a specific statute of limitations for an action on a judgment. While recognizing that the decree requiring periodic payments for child support is a judgment, in those jurisdictions the statute of limitations for an action on a judgment will be invoked. In the absence of a specific statute of limitations, the statutory procedure for reviving dormant judgments is followed. It is apparent that the legislature in Wyoming preferred that approach for decrees from Wyoming courts since there is no specific statute of limitations for domestic judgments, but a specific statute of limitations has been enacted for foreign judgments. Wyo. Stat. § 1–3–105(a)(iii) (1988).

As the court stated in the early case of *Beesley v. Badger,* 66 Utah 194, 240 P. 458, 460 (Utah 1925) (emphasis added):

> When a divorce is granted and the husband ordered to pay alimony or to support minor children or both, and the decree itself does not declare or impress a lien to secure such payments, then, by force of the statute relating to judgments in general, such decree or judgment from the filing and docketing thereof becomes and has all the force and effect of a lien to the same extent as an ordinary judgment for money, when the decree for alimony is in a gross sum, though payable partly or wholly in future installments, and when not in gross sum but, as here, in installments for an indefinite period, the decree is a lien securing payment of all due and unpaid installments, but not of installments to become due in the future. By the weight of authority, and as we think the better reason, although there are cases to the contrary, a decree for alimony in a gross sum as well as to past-due and unpaid installments **stands upon the same footing as ordinary money judgments and may be enforced by execution in the same manner as ordinary money judgments may be enforced.**

Because the decree that awarded periodic child support payments prior to 1989 is cognizable as a judgment rather than a liability created by statute, it is appropriate to apply the statute of limitations relating to judgments to the pre–1989 situation exactly as it is applied to the post–1989 situation. Pursuant to Wyo. Stat. § 1–17–307, since the mother did not execute on these judgments within five years, the judgments became dormant. Although dormant, the judgments were sub-

ject to revival within twenty-one years, and revival occurred when the State filed its motion on behalf of the mother. WYO. STAT. § 1–16–503. The result is that none of the unpaid child support payments are time barred in this instance.

The Judgment on Arrears is reversed, and the case is remanded to the district court for further proceedings in accordance with this opinion.