No. 33,784

MARY RACHEL DAVIS, *Appellee*, v. COURTNEY B. DAVIS, *Appellant*.

(81 P. 2d 55)

Opinion filed July 9, 1938.

*A. M. Ebright, P. K. Smith, Bernard Peterson* and *Richard A. Hickey*, all of Wichita, for the appellant.

*J. B. Patterson*, of Wichita, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This is an appeal from an order of the district court requiring the defendant to pay interest on a judgment for child support and from an order directing defendant to pay certain hospital and medical expenses. The cross-appeal is from an order of the

court which denied plaintiff's motion to require defendant to pay the judgment for child support in gross and not in installments.

Plaintiff and defendant were divorced in 1929. At that time they agreed upon a journal entry providing for child support. The defendant being in default for a number of years, plaintiff filed several applications, including a citation for contempt. On January 17, 1936, a hearing was held, and the trial court found the defendant owed the plaintiff $10,500 in accumulated past-due installments for child support under the original decree. From these rulings and orders an appeal was taken to this court, where the judgment of the trial court was affirmed. (*Davis v. Davis*, 145 Kan. 282, 65 P. 2d 562.)

Thereafter the plaintiff filed a motion wherein it was stated that certain payments had been made on account of the judgment of $10,500, but that such payments did not cover interest, and asking for an order requiring the defendant to pay the interest due on the judgment. The court found that under statute G. S. 1935, 41-104, the defendant was obliged to pay interest on the judgment at the rate of six percent.

Defendant asserts the court was in error in making this order.

The journal entry of January 17, 1936, recited:

"It is further found that plaintiff should have and recover judgment against said defendant for all past-due installments and payments under said order of June 13, 1929, which the court finds to be as follows:

"Past-due installments, payment on said child support, $10,500."

. . . . . . . . . . . . .

"It is therefore considered, ordered and adjudged that judgment be entered herein and order made upon and in accordance with the findings and additional findings hereinbefore set out and that said findings be the judgment of the court."

In the former appeal, in discussing this action of the trial court, it was said:

"It calculated the amount past due for child support and determined it to be $10,500. . . . Judgment was rendered for the total amount due and unpaid. . . . It was simply a calculation of the amount appellant had been ordered to pay in accordance with his own agreement, but which he had failed to pay and which amount was reduced to judgment." (*Davis v. Davis*, 145 Kan. 282, 285, 291, 65 P. 2d 562.)

Our statute G. S. 1935, 41-104, provides that all judgments of courts of record shall bear interest from the day on which they are rendered at the rate of six percent per annum. The only exception

mentioned in the statute is in the suit on a contract providing for a different rate of interest. (G. S. 1935, 41-105.)

Whether the judgment of January 17, 1936, was a judgment within the meaning of G. S. 1935, 41-104, depends upon the construction of the child-support statute G. S. 1935, 60-1510. Upon the former appeal of this case it was determined that the trial court had no power to reduce or to increase the past-due installments for child support. (See, also, *Wilkinson v. Wilkinson*, 147 Kan. 485, 77 P. 2d 946.) It follows that the order of the court, made at the hearing, fixing the amount due on the accrued installments, was final. The right of modification had ceased. The latitude of discretion was gone. It became a judgment within the meaning of G. S. 1935, 41-104. In this holding no injustice is done the defendant. It was a debt of record. The amount was fixed. He had the use of the money, and having delayed payment he cannot complain that he must pay the interest as provided by the statute.

It is next contended that plaintiff waived any claim to interest by acceptance from the clerk of the court of the full amount of the judgment. The amount due the plaintiff was the face of the judgment plus the interest.

In 48 C. J. 631 it is stated:

"Part payment of a debt does not bar a claim for the balance, but, it has been held, raises in law an implied promise to pay the balance. . . ."

The debt was liquidated and certain. There was no waiver of interest by election, as in *Turner v. George Rushton Baking Co.*, 139 Kan. 425, 32 P. 2d 198. We think there is no merit in the contention that the plaintiff waived a claim to the interest by accepting the payment as specified.

Neither do we find any substance in the argument of defendant that the finding of the court that the judgment of January 17, 1936, should bear interest was a modification of that judgment and therefore void. As we have seen, the judgment carried interest under the statute. The order of the court therefore merely stated what the law declared. It was not a modification of the judgment, but a fulfillment of the law.

It is also contended that error was committed in the allowance of hospital and surgical expenses for the daughter. By the terms of the judgment of January 17, 1936, the defendant was required to pay "all medical, surgical and hospital expenses necessary for the said Margaret Jane Davis."

On June 4, 1937, the plaintiff filed an application for an order directing defendant to pay certain hospital and medical expenses for the benefit of the minor child. Affidavits as to the various claims were attached to and made a part of the application. No claim is made that the defendant did not have notice that the affidavits would be used at the hearing as provided by G. S. 1935, 60-722. The order was made October 4, 1937. The sufficiency of the proof was for the trial court, and we find no reason to disturb the order made.

There remains for consideration the cross-appeal of plaintiff. As stated above, the plaintiff filed a motion asking the court to make an order requiring the defendant to pay to the clerk of the court for benefit of the plaintiff the balance remaining unpaid on the judgment for $10,500.

In *Scott v. Scott,* 80 Kan. 489, 491, 103 Pac. 1005, it was said:

"Where alimony is ordered to be paid in installments, and nothing is said as to the manner of its collection, we think the fair inference is that the court intends the order to be enforced, not by lien and execution—a remedy manifestly ill adapted to the purpose—but by attachment for contempt if payment is not made—a remedy always available . . . and ordinarily efficacious."

In the Scott case it was said, and in *Bassett v. Waters,* 103 Kan. 853, 176 Pac. 663, it was held that the court could award permanent alimony in the form of a final judgment for a sum in gross enforceable as an ordinary judgment at law.

So, under our statute G. S. 1935, 60-1510, provision for the support of the minor children of the marriage is usually a continuing order subject to change and modification whenever the circumstances render such change proper. Such payments may be enforced by attachment proceedings. (*In re Groves,* 83 Kan. 238, 109 Pac. 1087.) But where, as in this case, judgment has been rendered for past-due installments for a sum fixed and certain, the judgment may be enforced by execution. This being true, the action of the trial court in refusing to compel the payment of the balance due on the judgment of January 17, 1936, by attachment and contempt proceedings, was the proper practice.

The judgment is affirmed.