(762 P.2d 846)

No. 61,981

ESTELLA HOOKS (now WATSON), *Appellant,* v. VICTOR HOOKS, *Appellee.*

—

Opinion filed October 21, 1988.

*Thomas T. O'Neill,* of Carson & Fields, of Kansas City, for the appellant.

*Michelle M. Suter,* of McDowell, Rice & Smith, Chartered, of Kansas City, for the appellee.

Before DAVIS, P.J., BRISCOE and LARSON, JJ.

DAVIS, J.: Estella Hooks Watson appeals from an order of the trial court limiting execution on a valid judgment for child support arrearages for as long as the judgment debtor continues to make weekly payments on the judgment. We hold that the trial court did not have the power to limit execution on the judgment and reverse.

Estella Hooks Watson (petitioner) and Victor Hooks (respondent) were divorced in 1975. In 1979, respondent stopped paying his monthly child support installments. Thereafter, each unpaid installment became a final judgment against him on the date it was due. *Riney v. Riney,* 205 Kan. 671, 674, 473 P.2d 77 (1970). In spring 1987, petitioner filed motions to revive those judgments that had become dormant and to determine the total amount of the arrearage. After reviving the dormant judgments, the trial court determined that the total amount of the arrearage was $6,000 and granted petitioner judgment for that amount. Neither party appealed this order.

In January 1988, petitioner attempted to collect part of her $6,000 judgment by garnishing respondent's employer, bank, and credit union. On respondent's motion, the trial court

quashed the credit union garnishment on the authority of Supreme Court Rule 185 (1987 Kan. Ct. R. Annot. 100), which provides that no more than two garnishments may be issued on the same claim within a 30-day period. Petitioner appealed on the grounds that Rule 185 applies only in judicial districts that have chosen to adopt it and that the 29th Judicial District has not adopted it. Because the funds subject to the garnishment have been released, this issue is now moot. *Burnett v. Doyen*, 220 Kan. 400, Syl. ¶ 1, 552 P.2d 928 (1976).

The trial court did more, however, than just quash the garnishment. It ordered a stay of execution for as long as respondent continued to make payments of $40 per week on the judgment, stating that this had been its intention when it first entered judgment for petitioner. Respondent contends that this order was a valid nunc pro tunc order. However, we need not address respondent's contention because the trial court had no power to limit execution in the first instance.

A district court may modify an order of child support whenever circumstances make such a change proper, "but the modification operates prospectively only." *Brady v. Brady*, 225 Kan. 485, 488, 592 P.2d 865 (1979). Once an installment is due, the right of modification ceases and no latitude is left for discretion. *Davis v. Davis*, 148 Kan. 211, 213, 81 P.2d 55 (1938). The unpaid installment becomes a final judgment which may be collected and enforced in the same manner as any other final judgment. *Dallas v. Dallas*, 236 Kan. 92, 93, 689 P.2d 1184 (1984); *Fangrow v. Fangrow*, 185 Kan. 227, 229-30, 341 P.2d 998 (1959). Like any other final judgment, it may be enforced by execution. *Haynes v. Haynes*, 168 Kan. 219, 224, 212 P.2d 312 (1949); *Sharp v. Sharp*, 154 Kan. 175, 177, 117 P.2d 561 (1941); *Davis*, 148 Kan. at 214.

Kansas statutes provide definite procedures for staying execution. See, *e.g.*, K.S.A. 60-262 and K.S.A. 60-2103(d). There is no procedure, however, for staying execution on a valid judgment upon condition that the judgment debtor make regular payments on the judgment. In the absence of statutory authority, we conclude that a district court has no power to stay execution on a valid judgment.

Reversed.