STATE of Alaska, DEPARTMENT OF REVENUE, CHILD SUPPORT ENFORCEMENT DIVISION, Appellant,

v.

Donald DEMERS, Appellee.

No. S–6751.

Supreme Court of Alaska.

May 17, 1996.

Rhonda F. Butterfield, Assistant Attorney General, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellant.

No appearance by Appellee.

Before COMPTON, C.J., RABINOWITZ, MATTHEWS and EASTAUGH, JJ., and SHORTELL, J., Pro Tem.*

*OPINION*

EASTAUGH, Justice.

I. *INTRODUCTION*

The State of Alaska, Department of Revenue, Child Support Enforcement Division (CSED), acting on behalf of Angela Zajac, filed a Motion to Reduce Child Support Arrearages to Judgment against Donald Demers. The superior court granted CSED's motion, but added a restriction to the judgment preventing execution thereon. CSED appeals. We reverse and remand for entry of judgment in CSED's favor without restriction upon execution.

II. *FACTS AND PROCEEDINGS*

According to the terms of their divorce, Demers was ordered to pay Zajac $300 per month child support. Demers failed to make child support payments for four years following entry of the order. Demers moved to Ohio during this time.

In 1990 an Ohio court entered an order withholding from Demers's salary $300 per month for child support. Demers was then employed part-time. The Ohio order also required that an additional $200 per month be withheld from Demers's salary once he acquired full-time employment. Demers subsequently gained full-time employment, and has regularly met the obligations established by the Ohio order.

In 1994 CSED filed in the superior court in Anchorage a Motion to Reduce Child Support Arrearages to Judgment. Demers's arrearages then totaled $22,879.17. Demers

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

filed a response asserting his good faith and his inability to meet any obligation beyond those imposed by the 1990 Ohio order.

The superior court issued an order granting CSED's motion and stating: "The fact that defendant has made good faith efforts to pay should be considered by the State prior to any execution. He appears to be paying faithfully ever since he became re-employed. However, the arrearages exist, and plaintiff is entitled to a judgment." The court accordingly issued a judgment for plaintiff for the requested sum of $22,879.17, but added the following restriction to the judgment: "No execution shall issue as long as Defendant is paying in accordance with his agreement on a *'timely basis.'* If he fails to make a payment without just cause satisfactory to the State, Execution shall issue immediately without further application to the Court."

CSED moved for reconsideration. The superior court denied the motion, stating: "If Mr. Demers *ever* misses a payment, execution shall immediately issue." CSED appeals.

## III. *DISCUSSION*

 CSED challenges the superior court's authority to condition execution of a valid judgment upon Demers's failure to make payment under the Ohio order. This presents a question of law, which this court reviews *de novo. Guin v. Ha,* 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

 As the superior court correctly recognized, CSED is entitled to a judgment against Demers for the child support arrearages. Once a valid judgment has been granted, the statutory provisions for the execution of judgments do not give the superior court authority to impose conditions upon the creditor's right to obtain a writ of execution based on the judgment. AS 09.35.010.

Alaska Statute 09.35.010 states that "[t]he party in whose favor a judgment is given that requires the payment of money or the delivery of real or personal property or either of them may have a writ of execution issued for its enforcement." The plain language of this statute gives the court no discretion to decide whether to issue a writ of execution once a valid judgment for the payment of money has been entered. Under AS 09.35.070, "[a]ll goods, chattels, money, or other property, both real and personal, ... not exempt by law ... are liable to execution." [1]

Our decision is buttressed by the statutes controlling reduction of child support arrearages to judgment. AS 25.27.225–.226. The statutes governing parental support payments, and the decisions of this court construing those statutes, tightly confine the discretion of the court in determining whether judgment should be granted. *Id.* To introduce such discretion at the execution stage would circumvent this legislative decision, and potentially overstep the powers vested in the courts. The court could not have refused to enter judgment; consequently it could not restrict the execution of that judgment once granted. [2]

Alaska Statute 25.27.225 states:

A support order ordering a noncustodial parent obligor to make periodic support payments to the custodian of a child is a judgment that becomes vested when each payment becomes due and unpaid. The custodian of the child, or the agency on

**1.** Alaska Civil Rule 69(a) provides in part that "[p]rocess to enforce a judgment shall be by a writ of execution, unless the court directs otherwise." This could be read to grant the court discretion to direct other means by which a judgment may be enforced, possibly including a condition such as that imposed by the superior court. However, we do not read the phrase "unless the court directs otherwise" so broadly. *See* 7 James W. Moore et al., *Moore's Federal Practice* § 69.03(2) (2d ed.1995) ("Although [federal] Rule 69(a) provides that money judgment shall be enforced by a writ of execution 'unless the court directs otherwise,' that clause does not grant unlimited authority to the district court to enforce money judgments by means other than execution. Indeed, 'it is understood that the use of such means [under the 'unless' clause] should be confined to those situations in which execution would be an inadequate remedy.' " (second alteration in original)).

**2.** CSED may not always choose to seek a judgment against the non-custodial parent. *Compare* AS 25.27.225 ("the agency on behalf of [the custodian of the child] *may* take legal action") (emphasis added) *with* AS 25.27.226 ("[T]he court *shall enter* a judgment for the amount of money owed.") (emphasis added).

behalf of that person, may take legal action under AS 25.27.226 to establish a judgment for support payments ordered by a court of this state that are delinquent.

This court has held that "like court-rendered judgments, child support arrearages are not subject to retroactive modification." *State, Dep't of Revenue, Child Support Enforcement Div. v. Dean*, 902 P.2d 1321, 1323 (Alaska 1995).

Alaska Statute 25.27.226 sets out an essentially ministerial role for the courts in reducing arrearages to judgment.

> To collect the payment due, the custodian of a child, or the agency on behalf of that person, shall file with the court (1) a motion requesting establishment of a judgment; (2) an affidavit that states that one or more payments of support are 30 or more days past due . . .; and (3) notice of the obligor's right to respond. . . . If the obligor's affidavit states that the obligor has paid any of the amounts claimed to be delinquent, describes in detail the method of payment or offers any other defense to the petition, then the obligor is entitled to a hearing. After the hearing, if any, the court *shall enter a judgment for the amount of money owed.*

AS 25.27.226 (emphasis added). The court is thus limited to determining the amount of money owed; the mandatory language emphasized above suggests that once the court finds that a sum of money is owed, it has no power to withhold judgment for that sum. This narrow function comports well with the statute's characterization of child support payments as judgments that vest when they become due and unpaid. AS 25.27.225.

 The system established by the legislature for collection of child support payments does not empower a court to forgive or modify those payments after they become due and unpaid. If a court is without power to modi-

fy child support arrearages directly, it should be equally unable to do so by restricting execution on those judgments. *See Smith v. Smith*, 797 S.W.2d 798, 800–801 (Mo.App. 1990) ("A party in whose favor a judgment has been rendered may have an execution. . . . Husband, in his petition to quash [the writ of execution], in effect sought to relitigate the division of property made by the trial court. As the trial court determined, this was an improper 'collateral attack upon the judgment.'"). The superior court was not permitted to consider Demers's good faith in reducing his arrearages to judgment; restricting CSED's ability to execute the judgment based upon Demers's good faith is accordingly impermissible.[3] *See Hooks v. Hooks*, 13 Kan.App.2d 105, 762 P.2d 846 (1988) (holding that in the absence of statutory authority trial court lacked discretion to condition execution of child-support judgment upon regular payments towards the arrearages).

CSED submitted the required documentation of Demers's arrearages. It was entitled to have those arrearages reduced to a judgment. Once they had been so reduced, CSED had an unfettered right to obtain a writ of execution. We hold that the superior court lacked the authority to condition execution on a valid judgment for child support arrearages.

## IV. CONCLUSION

We REVERSE the superior court, and REMAND for entry of judgment containing no restrictions upon execution.

---

3. Demers contended before the superior court that

> [t]he reason I didn't pay wasn't out of malice or disregard for the child support order, but lack of steady work. . . . I don't know what else I can do besides paying the $300.00 order plus $200.00 additional for arrearages. Also all bonuses are taken for arrearages. I'm honestly doing the best that I can.

Although we hold that a court could not prevent execution upon CSED's judgment on this basis, Demers and CSED could enter into an agreement under which execution would be withheld. It follows that the superior court would then have the authority to condition the exercise of execution in accordance with the parties' agreement.