**STATE of Alaska, DEPARTMENT OF REVENUE, CHILD SUPPORT ENFORCEMENT DIVISION, ex rel. Janet L. GERKE, Appellant,**

v.

**David L. GERKE, Appellee.**

Nos. S–7375.

Supreme Court of Alaska.

July 25, 1997.

---

Diane L. Wendlandt, Assistant Attorney General, Anchorage, Bruce M. Botelho, Attorney General, Juneau, for Appellant.

David L. Gerke, Anchorage, pro se.

Before COMPTON, C.J., and MATTHEWS, EASTAUGH and FABE, JJ.

*OPINION*

EASTAUGH, Justice.

## I. *INTRODUCTION*

After repeated attempts to collect child support from David Gerke, the Alaska Child Support Enforcement Division (CSED) reduced the arrearages to final judgment. The superior court conditioned "any" collection of the arrearages judgment for periods more than five years upon a showing of "just and sufficient reasons" for failing to execute within five years, pursuant to AS 09.35.020 and Alaska Civil Rule 69(d).

Because it was error to apply Alaska Civil Rule 69(d) and AS 09.35.020 to administrative, non-judicial collection proceedings, we reverse and remand.

## II. *FACTS AND PROCEEDINGS*

David and Janet Gerke were married in Wisconsin in November 1957. They had five children. The Alaska Superior Court granted them a divorce in 1981. The divorce decree ordered David to pay $300 support per month for each of the three youngest children, until each reached the age of eighteen or graduated from high school, whichever was later.

Since November 19, 1986, the only payments CSED's records reflect are garnishments of David's Permanent Fund Dividend (PFD) check. Since 1987 CSED has made repeated attempts to collect the child support owed by David. CSED has sent withholding orders to banks and the Social Security Administration, recorded a lien on David's property, and identified him to the Internal Revenue Service. These attempts proved futile. By July 1994 David owed more than $25,000 in child support arrearages.[1]

In July 1994 CSED moved to reduce David's arrearages to judgment pursuant to AS 25.27.226.[2] The superior court granted CSED's motion. The order for entry of judgment includes the following handwritten

---

1. Ongoing child support payments are not at issue here. The youngest child became 18 in 1991.

2. AS 25.27.226 provides for the establishment of a final judgment for collection of past due child

support. CSED notes that it "generally uses administrative collection procedures first, leaving judicial procedures for cases in which administrative procedures have been unsuccessful."

notation: "Any 'collection of arrearages judgment' for periods in excess of 5 years shall comply with the requirements of the *Cross/Dean* decision, slip op. #4244 (Alaska 1995)."[3] The court entered judgment against David in the amount of $26,110.18. The judgment includes the following handwritten provision: "*No executions* shall take place on any part of this judgment exceeding 5 years without following the *Cross and Dean* case, opinion #4244 (Alaska 1995)."

CSED appeals.

## III. DISCUSSION

### A. Standard of Review

■ This case presents a question of law, which we review *de novo*. *Langdon v. Champion*, 752 P.2d 999, 1001 (Alaska 1988). It is our duty "to adopt the rule of law that is most persuasive in light of precedent, reason, and policy." *Guin v. Ha*, 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

### B. Application of AS 09.35.020 and Civil Rule 69(d) to CSED's Administrative Collection Actions

■ CSED interprets the order for entry of judgment to prohibit administrative collection unless and until CSED meets the requirements of AS 09.35.020[4] and Alaska Civil Rule 69(d).[5] CSED asserts that its collection efforts in this case and similar cases have been suspended until CSED can show good cause for any lapse of more than five years between a judgment under AS 25.27.225[6] and execution on that judgment.[7] The issue we must address is whether the trial court has the authority to impose conditions on administrative collection efforts in this manner.

CSED argues that AS 09.35.020 applies only to judicial executions and not to its administrative collection procedures. CSED reasons that section .020 is contained in Title 9 of the Alaska Statutes, the Code of Civil Procedure, which applies to "all proceedings in *actions* brought after January 1, 1963, and all further proceedings in *actions* then pending." AS 09.70.010 (emphasis added). Alaska Statute 01.10.060(1) defines "action" as "any matter or proceeding *in a court*, civil or criminal." (Emphasis added.) CSED argues that the Code of Civil Procedure and thus AS 09.35.020 apply only to court proceedings and not to administrative proceedings.

---

**3.** The *"Cross/Dean* decision" refers to *State ex rel. Inman v. Dean*, 902 P.2d 1321 (Alaska 1995), which decided two consolidated appeals concerning the applicability of AS 09.10.040—the ten-year statute of limitations on "actions upon a judgment"—to the collection of child support installments which accrued more than ten years before the date of the AS 25.27.226 motion. Dean and Cross, the obligor parents, were the appellees in those appeals.

**4.** AS 09.35.020 states:

When a period of five years has elapsed after the entry of judgment and without an execution being issued on the judgment, no execution may issue except by order of the court in which judgment is entered. The court shall grant the motion if the court determines that there are just and sufficient reasons for the failure to obtain the writ of execution within five years after the entry of judgment.

**5.** Alaska Civil Rule 69 outlines the procedures by which a judgment creditor may obtain a writ of execution when a period of five years has lapsed without execution on the judgment. Civil Rule 69(d) provides in pertinent part:

Whenever a period of five years shall elapse without an execution being issued on a judg-

ment, no execution shall issue except on order of the court in the following manner:
(1) The judgment creditor shall file a motion supported by affidavit with the court where the judgment is entered for leave to issue an execution. The motion and affidavit shall state the names of the parties to the judgment, the date of its entry, the reasons for failure to obtain a writ for a period of five years and the amount claimed to be due thereon or the particular property of which possession was adjudged to the judgment creditor remaining undelivered.

**6.** AS 25.27.225 provides that a support order requiring the obligor to make periodic support payments "is a judgment that becomes vested when each payment becomes due and unpaid." These discrete judgments can be reduced to a final, consolidated judgment under AS 25.27.226. Thus, according to the superior court's order, before CSED could use its administrative powers to collect child support, it had to show good cause for any failure to execute within five years for each and every separate due and unpaid support payment.

**7.** CSED notes that it has appealed similar orders in at least nine other cases. Those cases have been stayed pending the outcome of the case at bar.

CSED explains that AS 09.35.020 would clearly apply had CSED sought a writ of execution through the court to secure judicial collection of the judgment. It argues that the legislature, however, has granted CSED an array of independent powers to collect child support payments. *Dean*, 902 P.2d at 1325. Under AS 25.27.230–.260, CSED may issue administrative orders to garnish wages and attach property, including tax refunds and PFDs. CSED acknowledges that these procedures are similar to actions that may be taken by the court, but asserts that "they are entirely separate and do not require judicial action to complete."

As CSED notes, Gerke incorrectly argues that "by filing a motion to reduce arrears to judgment under AS 25.27.226, CSED subjected itself to the civil rules for all subsequent proceedings, whether judicial or administrative." The Alaska Constitution, the civil rules, and the child support statutes do not permit or contemplate such a consequence.

The condition placed by the superior court on CSED's ability to collect also contravenes legislative purpose. The legislature enacted AS 25.27.225 and AS 25.27.226 to make judicial remedies more readily available as a complement to administrative enforcement. CSED does not waive or relinquish any statutory powers when it seeks to reduce arrearages to judgment under AS 25.27.226. Indeed, AS 25.27.227 states that sections .225 and .226 "provide remedies in addition to and not as a substitute for any other remedies available to the parties." AS 25.27.227. Because sections .225 and .226 provide remedies that are not exclusive, but are cumulative with other remedies, the trial court may not place any conditions upon the exercise of the independent administrative remedies provided by AS 25.27.230–260. When the legislature amended the child support statutes and added the provisions now contained in sections .225–.227, it stated:

> The purpose of the amendments in this Act is *to enhance the efforts* of those persons who seek to enforce the payment of child support obligations by noncustodial parents having the duty of support.

Ch. 144, § 1(a), SLA 1984 (emphasis added). Restricting CSED's ability to collect is contrary to this legislative purpose. Alaska Statute 09.35.020 does not apply to CSED's administrative collection procedures.

CSED also contends that applying AS 09.35.020 to administrative proceedings would violate the separation of powers doctrine. It argues that "the trial court is effectively requiring CSED to ask the court's permission before it may use its administrative powers." CSED asserts that the court does not have this statutory authority. Given our conclusion that the statute does not apply, we need not reach this issue.

CSED also argues that the Alaska Rules of Civil Procedure apply only to judicial proceedings. Alaska Civil Rule 1 states that the civil rules govern "[t]he procedure in the superior court and, so far as applicable, in the district court." Alaska R. Civ. P. 1. Civil Rule 93 states that "[t]hese rules are promulgated pursuant to constitutional authority granting rule making power to the supreme court." Alaska R. Civ. P. 93. The Alaska Constitution grants the supreme court the power to make rules "governing the administration of all courts." Alaska Const. art. IV, § 15. CSED argues that the constitution does not grant this court the power to make rules governing the procedures of administrative agencies; this is a power that falls squarely within the domain of the legislative and the executive branches of government.

■ CSED correctly argues that "[t]he Alaska Rules of Civil Procedure do not apply to administrative proceedings unless specifically adopted by regulation or statute." It notes by way of example that CSED expressly adopted Civil Rule 90.3 as its child support guidelines in administrative proceedings. 15 Alaska Administrative Code (AAC) 125.010. Neither CSED nor the legislature has adopted Civil Rule 69(d) for CSED's administrative collection actions. Again, we need not reach the separation of powers question.

The order and judgment are defective for another reason. We have recently noted that AS 25.27.226 "sets out an essentially ministerial role for the courts in reducing arrearages to judgment." *State, Dep't of Revenue, Child Support Enforcement Div. v.*

*Demers,* 915 P.2d 1219, 1221 (Alaska 1996). We there held that the superior court lacked authority to condition CSED's ability to execute on a valid judgment for child support arrearages upon Demers's good faith efforts to make child support payments established by an out-of-state order. *Id.* at 1221. We noted in *Demers* that AS 25.27.225–.226

> and the decisions of this court construing those statutes, tightly confine the discretion of the court in determining whether judgment should be granted. To introduce . . . discretion at the execution stage would circumvent this legislative decision and potentially overstep the powers vested in the courts. The court could not have refused to enter judgment; consequently it could not restrict the execution of that judgment once granted.

*Id.* at 1220 (citations omitted). It was error to impose a condition on any administrative execution on the judgment.

### C. *The Dean Case*

Gerke argues that the superior court correctly interpreted our decision in *State, CSED ex rel. Inman v. Dean,* 902 P.2d 1321 (Alaska 1995), as holding that AS 09.35.020 and Civil Rule 69(d) apply to administrative collection procedures. We disagree. In *Dean,* we noted that administrative remedies were "akin" to a standard execution for purposes of AS 09.35.020 to the extent that efforts to collect administratively would be considered "good cause" under the statute for lapses of more than five years between a section .225 judgment and judicial execution. *Dean,* 902 P.2d at 1325.

In *Dean* we required CSED on remand to "further show 'good cause' to collect arrearages, if any, which accrued more than five years before any particular administrative effort to collect the accrued debt." *Id.* Because CSED collection attempts were "akin" to executions, the court applied AS 09.35.020 and Civil Rule 69(d) to any five-year lapses in administrative collection efforts before *judicial* execution would issue. *Id.* at 1326. We neither stated nor implied that AS 09.35.020 and Rule 69(d) apply to CSED's administrative collection procedures.

### IV. *CONCLUSION*

Alaska Statute 09.35.020 and Alaska Civil Rule 69(d) do not apply to CSED's administrative collection efforts. We REVERSE and REMAND for entry of a judgment that does not restrict administrative collection of child support arrearages.

RABINOWITZ, J., not participating.