John J. KOSS, Appellant,

v.

Madonna KOSS, and State of Alaska, Department of Revenue, Child Support Enforcement Division, Appellees.

No. S–8065.

Supreme Court of Alaska.

May 28, 1999.

Kenneth C. Kirk, Anchorage, for Appellant.

D. Scott Davis, Assistant Attorney General, Fairbanks, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before MATTHEWS, Chief Justice, COMPTON, EASTAUGH, FABE, and BRYNER, Justices.

OPINION

BRYNER, Justice.

## I. INTRODUCTION

In 1996 John Koss moved to enjoin the Alaska Child Support Enforcement Division (CSED) from enforcing two judgments for unpaid child support that the superior court had entered against him more than ten years earlier. He argued that the ten-year statute of limitations set out in AS 09.10.040(a) barred CSED from collecting on these judgments. The superior court disagreed and denied Koss's motion. We affirm, holding the statute inapplicable because CSED does not commence a new "action" when it enforces an outstanding judgment for unpaid support.

## II. FACTS AND PROCEEDINGS

John and Madonna Koss married in 1953 and divorced in 1973. In 1975 the superior court in Fairbanks ordered John to pay child support in the amount of $400 per month. In 1982 the court entered judgment against Koss for $25,425 in unpaid support. In 1985, after Koss's youngest child had reached the age of majority, the court entered another judgment against Koss for $10,492 in arrearage accruing since 1982.

In 1997, twelve years later, with the 1982 and 1985 judgments still unsatisfied, Koss moved to enjoin CSED from making any further effort to collect them through administrative action. He argued that any new effort by CSED to collect would be barred by AS 09.10.040, which requires "an action upon a judgment" to be "commenced within ten years." Superior Court Judge Richard D. Savell denied Koss's motion, concluding that the statute of limitations did not apply because CSED would not need to commence "an action upon a judgment" to exercise its administrative collection powers. Koss appeals.

## III. DISCUSSION

### A. Standard of Review

■ "We exercise our independent judgment when interpreting and applying stat-

utes of limitations."[1] Whether AS 09.10.040 applies to bar CSED's administrative collection of the child support judgments entered against Koss is a question of statutory interpretation to which this court applies its independent judgment.[2]

B. *Alaska Statute 09.10.040 Does Not Bar CSED's Administrative Enforcement of Judgments That Are More Than Ten Years Old.*

 Alaska Statute 09.10.040(a) states that "a person may not bring an action upon a judgment ... unless the action is commenced within 10 years." The sole issue presented in this case is whether this statute bars CSED from undertaking administrative efforts to collect Koss's unsatisfied 1982 and 1985 judgments, which are now more than ten years old.[3] Koss argues that attempts by CSED to collect administratively on the judgments would be an "action" barred by the statute of limitations. CSED's position is that the ten-year statute of limitations applies only to new proceedings commenced by new complaints, and not to the administrative collection of already existing judgments.

Our prior decisions support CSED's position. In *State, CSED v. Dean*, we held that AS 09.10.040 applies "when litigants 'bring an action' and thus governs only proceedings commenced by the filing of a complaint."[4] Finding that a CSED motion to reduce child support arrearages to judgment was a "proceeding ... in aid of enforcement of a judgment which was already in existence,"[5] and not a new "action," we explained, "[i]t is well-settled that executing upon a judgment does not operate to commence an entirely new civil action."[6] We reached similar conclusions in *State, CSED v. Gause*,[7] *State, CSED v. Gerke*,[8] and *State, CSED v. Valdez*.[9]

CSED's primary collection powers, such as the power to assert a lien on the property of an obligor[10] and the power to issue orders to withhold and deliver property,[11] do not require it to file a complaint or to initiate a new

1. *McDowell v. State*, 957 P.2d 965, 968 n. 4 (Alaska 1998).

2. *See University of Alaska v. Tumeo*, 933 P.2d 1147, 1150 n. 6 (Alaska 1997); *Konecky v. Camco Wireline, Inc.*, 920 P.2d 277, 280 n. 8 (Alaska 1996).

3. Subsection (b) of AS 09.10.040 formerly set a different limit for an action to establish a judgment for past due support when no judgment has previously been entered: "An action may be brought to establish a judgment for child support payments that are 30 or more days past due under a support order ... if the action is commenced by the date on which the youngest child covered by the support order becomes 21 years of age. An action after the establishment of the judgment is governed by (a) of this section."

 Although this provision has recently been repealed, *see* ch. 132, § 54, SLA 1998, it was in effect in 1996 when Koss moved to enjoin CSED from enforcing the 1982 and 1985 child support judgments. Nevertheless, Koss does not claim that subsection (b) governs his case. By its own terms, subsection (b) applied only when a court ordered child support but did not previously enter a judgment for unpaid support. Here, the court had already entered judgments in 1982 and 1985 establishing the amount of Koss's arrearages. Moreover, in *State, CSED v. Gause*, 967 P.2d 599, 600–03 (Alaska 1998), we interpreted subsection (b)'s use of the word "action" to be consistent with the meaning of "action" that we adopted in *State, CSED v. Dean*, 902 P.2d 1321, 1323 (Alaska 1995), for purposes of applying subsection (a). We thus concluded in *Gause* that a CSED motion to reduce unpaid support to judgment under AS 25.27.226 is not an "action" for purposes of AS 09.10.040(b). *See Gause*, 967 P.2d at 603.

 Another provision, AS 09.35.020, sets a five-year limit on issuance of execution after entry of a judgment: "When a period of five years has elapsed after the entry of judgment and without an execution being issued on the judgment, no execution may issue except by order of the court in which judgment is entered [finding just and sufficient reasons]." This provision is not at issue here. In *State, CSED v. Gerke*, 942 P.2d 423, 427 (Alaska 1997), we expressly held that "[AS] 09.35.020 ... do[es] not apply to CSED's administrative collection efforts."

4. *Dean*, 902 P.2d at 1323.

5. *Id.* at 1324. The judgment in existence is created by statute as each support payment becomes due and unpaid. *See* AS 25.27.225.

6. *Dean*, 902 P.2d at 1324.

7. 967 P.2d at 600–03.

8. 942 P.2d at 425.

9. 941 P.2d 144, 151–52 (Alaska 1997).

10. *See* AS 25.27.230.

11. *See* AS 25.27.250.

cause of action. Instead, these are "independent powers . . . as effective as those available in the courts."[12] They are meant to supplement judicial powers of enforcement.[13] And they are "akin to a standard [judicial] execution"[14] as opposed to the initiation of a new legal proceeding.

Koss cites *Agen v. State, CSED*[15] as a "purely . . . administrative case" in which we stated that a statute of limitations should apply to CSED's enforcement of child support obligations. But in *Agen,* CSED did not seek to collect on an existing child support judgment. Instead, it issued an administrative order establishing an alleged father's duty of support—a duty that it had never established before, either administratively or through a court proceeding, and one that the father expressly disavowed on the ground that he had entered into a binding contract consenting to his child's adoption.[16] Accepting the father's premise that the six-year statute of limitations for state actions applied to CSED's administrative action,[17] we found that CSED's action fell within the prescribed time limit.[18]

Moreover, the statute at issue in *Agen,* AS 25.27.160, expressly required CSED to initiate its administrative establishment proceeding by issuing a notice and finding of financial responsibility, which entitles the recipient to a hearing on the issue of liability.[19] Thus, *Agen* dealt with an administrative power that CSED could only exercise by commencing a new "action"—that is, by filing a complaint-like pleading, which in turn set in motion a formal process of dispute resolution.[20]

Koss also argues that the "Doctrine of Merger" should preclude CSED from taking administrative action that it would be barred from taking in a judicial proceeding. His theory is that CSED's rights "merge" into the judgments it seeks to enforce, and so the statutes and rules that apply to judicial execution should govern its procedures. But Koss raises this argument for the first time in his reply brief, and he gives it only cursory treatment. He has therefore failed to preserve it.[21] In any event, the argument lacks merit. CSED's administrative powers supplement judicial powers of enforcement and stand independently. As we recently said when we rejected a similar argument in *CSED v. Gerke,*

> Gerke incorrectly argues that "by filing a motion to reduce arrears to judgment under AS 25.27.226, CSED subjected itself to the civil rules for all subsequent proceedings, whether judicial or administrative." The Alaska Constitution, the civil rules, and the child support statutes do not permit or contemplate such a consequence.[22]

Last, Koss argues that public policy favors placing time limits on CSED's administrative collection powers. He warns that allowing CSED to exercise its administrative authority without any time limit will have "horrific consequences." Koss's policy arguments ad-

12. *State, CSED v. Dean,* 902 P.2d 1321, 1325 (Alaska 1995).

13. *See* Ch. 126, § 1, SLA 1977 ("The state . . . declares that the common law and Alaska statutes pertaining to the establishment and enforcement of child support obligations shall be augmented by additional remedies in order to meet the needs of minor children.").

14. *Dean,* 902 P.2d at 1325.

15. 945 P.2d 1215 (Alaska 1997).

16. *Id.* at 1216–17.

17. AS 09.10.120(a) provides that "[a]n action brought in the name of or for the benefit of the state . . . may be commenced only within six years of the date of accrual of the cause of action."

18. *Agen,* 945 P.2d at 1219.

19. AS 25.27.160(b)(3) provides, in relevant part:

> [T]he alleged obligor may appear and show cause in a hearing held by the agency why the finding is incorrect. . . .

20. *Cf. Hickel v. Halford,* 872 P.2d 171, 176 (Alaska 1994) (listing as the earmarks of an agency "proceeding" the existence of a formal charging document that triggers a formal mechanism for resolving disputes concerning the facts alleged therein).

21. *See* Alaska R.App. P. 212(c)(3); *Sumner v. Eagle Nest Hotel,* 894 P.2d 628, 632 (Alaska 1995); *Conam Alaska v. Bell Lavalin, Inc.,* 842 P.2d 148, 158 (Alaska 1992).

22. 942 P.2d 423, 426 (Alaska 1997).

109

dress concerns that are more legislative than judicial. As currently written, Alaska law gives CSED the power to collect unpaid support judgments without time restrictions. It is not our role to restrict legislatively conferred powers in order to make them conform to our views of sound public policy.

## IV. CONCLUSION

We hold that AS 09.10.040 does not apply to CSED's collection of child support judgments. The agency's administrative collections are not "actions upon a judgment." Accordingly, we AFFIRM the superior court's order denying Koss's motion for an injunction.