NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| KERSTIN TOD HARRISON, | ) | |
| f/k/a KERSTIN TOD LYMAN, | ) | Supreme Court No. S-14291 |
| | ) | |
| Appellant, | ) | Superior Court No. 3PA-05-01436 CI |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND JUDGMENT* |
| BRIAN DOUGLAS LYMAN, | ) | |
| | ) | No. 1426 – July 25, 2012 |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Eric Smith, Judge.

Appearances: David A. Golter, Golter & Logsdon, P.C., Palmer, for Appellant. No appearance by Appellee.

Before: Carpeneti, Chief Justice, Fabe, Winfree, and Stowers, Justices.

## I. INTRODUCTION

Kerstin Harrison and Brian Lyman divorced in 2005, and Brian was ordered to pay child support for the couple's four children. In 2006 Brian was deployed overseas with the Alaska National Guard. Before Brian's departure, Kerstin filed to modify custody and child support because she was to have full-time custody of the children

---

\*      Entered under Appellate Rule 214.

while Brian was away. But Kerstin's motion was stayed pursuant to the Servicemembers Civil Relief Act until Brian's return in late 2007. In early 2009 the superior court increased Brian's support, and because the effective date of the increase was the date Kerstin's motion to modify was served, at the time of the 2009 child support order Brian had accumulated arrears of approximately $28,000.

The Child Support Services Division ordered Brian to pay his monthly child support, to make payments on the arrears, and to pay interest. On July 19, 2010, Kerstin requested entry of a child support judgment so that she could collect the arrears in full. The superior court denied the motion. Kerstin filed a motion for reconsideration maintaining that under *State, Department of Revenue, Child Support Enforcement Division v. Demers*,[1] the superior court lacked discretion to deny her motion.

The superior court rejected Kerstin's motion, concluding that *Demers* did not apply because the arrears had not vested under AS 25.27.225 and because Brian had incurred the arrears through no fault of his own and had been consistently making payments. The superior court also found that Kerstin may have been motivated to damage Brian financially and to impede his relationship with the children. But *Demers* controls the outcome of this case. The legislature requires issuance of a judgment for child support arrears upon proper request, and the superior court did not have the discretion to deny Kerstin's motion. We therefore reverse.

## II.    FACTS AND PROCEEDINGS

Kerstin Harrison and Brian Lyman divorced in 2005, and they have four minor children. In 2005 Brian joined the Alaska National Guard, and in 2006 he was placed on active duty and deployed overseas to Kuwait until December 31, 2007. Brian remains in the Alaska National Guard.

---

[1]    915 P.2d 1219 (Alaska 1996).

On July 6, 2006, one month after Brian was placed on active duty, but before he was deployed, Kerstin submitted a motion to modify child custody and support. She based her motion to modify on the fact that because Brian's military duties would require him to leave the state, her custody of the children would be increased. The superior court issued a stay of proceedings on the motion under the Servicemembers Civil Relief Act,[2] in light of Brian's impending deployment.

Upon his return from deployment, Brian filed a cross-motion to modify custody and support. After a hearing, the superior court modified the parents' custody agreement. On February 12, 2009, the superior court issued an order for increased child support, covering the period of time that Brian was overseas and the time of the litigation. Although the parties "agreed on the record that [Brian's] child support obligation for the time he was in Kuwait would run from July 1, 2006 through December 31, 2007," the superior court, in compliance with Alaska Civil Rule 90.3(h)(2),[3] ruled that the correct date to begin calculation would be "the date that a motion to modify support is served on the opposing party." The superior court thus determined that the starting date of the modified support obligation was August 1, 2006.

---

[2]    50 U.S.C. app. §§ 501-597b (2006). The Servicemembers Civil Relief Act "provide[s] for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service." 50 U.S.C. app. § 502(2).

[3]    Civil Rule 90.3(h)(2) provides:

> *No Retroactive Modification*. Child support arrearage may not be modified retroactively, except as allowed by AS 25.27.166(d). A modification which is effective on or after the date that a motion for modification, or a notice of petition for modification by the Child Support Services Division, is served on the opposing party is not considered a retroactive modification.

From August 1, 2006 through December 31, 2007, the child support rate was set at $1,654.49 per month, and from January 1, 2008 forward the rate was set at $1,406.16 per month. The superior court then ordered Brian to notify the court of any future deployment so that the court could enter a child support order based upon Brian's income while deployed.

On July 19, 2010, Kerstin filed a motion to reduce Brian's child support arrears to judgment. She presented the Child Support Services Division's unofficial calculation that Brian owed her $35,208.81 in child support and arrears. On August 10, 2010, the superior court denied Kerstin's motion, ordering that the arrears would "be paid off through monthly payments" because a "[j]udgment [would be] punitive if issued at this time."

Kerstin filed a motion for reconsideration, arguing that under *State, Department of Revenue, Child Support Enforcement Division v. Demers*,[4] the trial court did not have discretion to deny entry of a judgment for child support arrearage. Brian responded by pointing out that he was current with all of his payments and that he had voluntarily paid down his arrears at a faster rate than that required by the court. Brian also contested the post-judgment interest rate sought by Kerstin.

The superior court denied Kerstin's motion for reconsideration. The superior court acknowledged that our "ruling in *Demers* most certainly can be read to require a judgment regardless of the particular circumstances of this case," but it nonetheless concluded that "neither the relevant statute nor *Demers* should be read so strictly." The superior court emphasized that Brian had never failed to pay child support and that instead the arrears resulted from the court's modification order which issued "well after the time that the particular support payment was due." Based on this

---

[4] 915 P.2d 1219 (Alaska 1996).

situation, the superior court reached two conclusions. First, it noted that it was "questionable that the arrears actually vested as contemplated by the statute" because "amounts that were not paid were never imposed on a monthly basis and hence cannot properly be deemed to have been due at the time that a payment was made." Second, it found that Brian had accrued the arrears "through no fault of his own." The superior court pointed out that Brian had continued to make payments toward the arrears even while he was deployed. And the superior court expressed "substantial concerns about [Kerstin]'s motives in seeking this judgment." The superior court believed that Kerstin was "not requesting the judgment to enable her to care for the children, but rather to do substantial financial damage to [Brian] and to impede any relationship between him and the parties' children." The superior court then remarked that it would be "utterly inequitable" to enter a judgment for the remaining arrears on Kerstin's behalf.[5]

## III. STANDARD OF REVIEW

A challenge to the superior court's authority to deny a motion for judgment for child support arrears is a question of law.[6] We apply our independent judgment to legal issues and will "adopt the rule of law that is most persuasive in light of precedent, reason, and policy."[7]

---

[5]  The superior court did note that if Brian missed a payment, it would likely grant a renewed motion for judgment.

[6]  *See Demers*, 915 P.2d at 1220.

[7]  *Guin v. Ha*, 591 P.2d 1281, 1284 n.6 (Alaska 1979).

We will uphold a trial court's factual findings unless clearly erroneous.[8] A finding is clearly erroneous if it leaves us with "a definite and firm conviction on the entire record that a mistake has been made."[9]

## IV. DISCUSSION

Relying on our decision in *State, Department of Revenue, Child Support Enforcement Division v. Demers*,[10] Kerstin argues that the superior court lacked discretion to deny her motion for entry of judgment. In *Demers*, a father failed to make child support payments for four years, incurring arrears of $22,879.17.[11] The Child Support Enforcement Division moved to reduce the child support arrears to judgment.[12] The father responded, asserting his good-faith attempts and inability to meet the obligation of the child support order.[13] The superior court issued a judgment for the arrears but restricted execution, ruling that no execution would issue "as long as [the father] is paying in accordance with his agreement on a 'timely basis.' "[14]

We reversed, ruling that the plain language of AS 09.35.010 "gives the court no discretion to decide whether to issue a writ of execution once a valid judgment

---

[8]    *State, Dep't of Revenue v. Merriouns*, 894 P.2d 623, 625 (Alaska 1995).

[9]    *City of Hydaburg v. Hydaburg Co-op. Ass'n*, 858 P.2d 1131, 1135 (Alaska 1993) (citation omitted).

[10]    915 P.2d 1219 (Alaska 1996).

[11]    *Id.*

[12]    *Id.*

[13]    *Id.* at 1220.

[14]    *Id.*

for the payment of money has been entered."[15] We also noted that Alaska Civil Rule 69(a) provides that the "[p]rocess to enforce a judgment shall be by a writ of execution, unless the court directs otherwise."[16] We rejected a broad interpretation of the phrase "unless the court directs otherwise" and adopted the view that it should be "confined to those situations in which execution would be an inadequate remedy."[17]

Our conclusion in *Demers* was "buttressed by the statutes controlling reduction of child support arrear[s] to judgment[,] AS 25.27.225–.226," which "tightly confine the discretion of the court in determining whether judgment should be granted."[18] We cautioned that "[t]o introduce such discretion at the execution stage would circumvent this legislative decision[] and potentially overstep the powers vested in the courts."[19] We concluded that "[t]he court *could not have refused to enter judgment*" and "consequently it could not restrict the execution of that judgment once granted."[20] We recognized that AS 25.27.226, governing the collection of past due child support, "sets out an essentially ministerial role for the courts in reducing arrear[s] to judgment" and that "[t]he court is thus limited to determining the amount of money owed; the mandatory language emphasized above suggests that once the court finds that a sum of money is

---

[15] *Id.* AS 09.35.010 provides in relevant part: "A writ of execution may be issued in favor of . . . a party in whose favor a judgment is given that requires the payment of money."

[16] *Id.* at 1220 n.1 (quoting Civil Rule 69(a)).

[17] *Id.* at n.1 (quoting 7 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 69.03(2) (2d ed. 1995)).

[18] *Id.* at 1220.

[19] *Id.*

[20] *Id.* (emphasis added).

owed, it has no power to withhold judgment for that sum."[21]  We went on to note that "[t]his narrow function comports well with the statute's characterization of child support payments as judgments that vest when they become due and unpaid. AS 25.27.225."[22]

Finally, in *Demers* we held that "[t]he system established by the legislature for collection of child support payments does not empower a court to forgive or modify those payments after they become due and unpaid."[23]  Thus, we ruled that the superior court could not consider the father's good faith and could not limit the Child Support Enforcement Division's collection of the judgment by requiring the judgment be made in payments.[24]

Kerstin argues that, under *Demers*, once she established Brian's child support arrears through her affidavit and requested judgment, the superior court had no authority to refuse to issue a judgment for the arrears in light of the superior court's limited "ministerial role" administering AS 25.27.226.  She is correct.  Kerstin appears to have fulfilled the requirements of AS 25.27.226, which provides in relevant part:

> To collect a payment due, the custodian of a child . . . shall file with the court (1) a motion requesting establishment of a judgment; (2) an affidavit that states that one or more payments of support are 30 or more days past due and that specifies the amounts past due and the dates they became past due; and (3) notice of the obligor's right to respond. . . . After the hearing, if any, the court shall enter a judgment for the amount of money owed.

---

[21]  *Id.* at 1221.

[22]  *Id.*

[23]  *Id.*

[24]  *Id.*

Kerstin filed a motion requesting establishment of a judgment and an affidavit stating that more than one payment of support was over 30 days past due. Thus, notwithstanding the circumstances under which Brian's arrears arose, it appears that Kerstin complied with the statutory requirements of AS 25.27.226.[25]

We therefore conclude that the superior court was required to enter a judgment for the amount owed. Both the plain language of AS 25.27.226 requiring that the court "shall enter a judgment for the amount of money owed," and our holding in *Demers* that the superior court's role is "limited to determining the amount of money owed,"[26] lead to the conclusion that the superior court had "no power to withhold judgment for that sum."[27]

We briefly address the superior court's attempt to distinguish this case from *Demers*. The superior court "question[ed] whether the arrears in this case actually vested" as contemplated by AS 25.27.225, given that Brian's arrears accrued through no fault of his own. But as Kerstin points out "there is no dispute" that the arrears are "currently 'due and unpaid,' " because the court orders "unambiguously state when the support was due." In February 2009 the superior court ordered that "[Brian] shall pay $1,654.49 per month for child support for August 1, 2006 through December 31, 2007" and "$1406.16 per month for child support beginning January 1, 2008."

---

[25]    The superior court also found that Kerstin was motivated "to do substantial financial damage to [Brian] and impede any relationship between him and the parties' children." But Kerstin is entitled to judgment because she has complied with the statutory requirements to collect past due child support under AS 25.27.226. Kerstin's motivations in collecting child support due her are not relevant under the statute.

[26]    *Demers*, 915 P.2d at 1221.

[27]    *Id.*

Alaska Statute 25.27.900(2) defines "arrear[s]" as "debt[s] that [are] past due and equal to at least one monthly obligation under the support order for . . . monetary support." There is no current dispute that Brian's child support obligation is past due, and in response to Kerstin's motion for reconsideration, Brian acknowledged that "the arrears show as past due which they naturally always will until they are paid off in full."

And although the superior court was concerned that it would be unfair to enter a judgment because Brian did not have notice of the increase in support obligation until child support was modified by the court, Civil Rule 90.3(h)(2) expressly allows for a modification "which is effective on or after the date that a motion for modification . . . is served on the opposing party [because it] is not considered a retroactive modification." In *Boone v. Boone*, we established that the presumptive effective date of a modified support order is the date the motion is served, in part because it is "as of that date that the opposing party has notice."[28] We observed that "service of the motion gives the opposing party both fair warning that support may change and an opportunity to reassess, even before the court rules, the correct amount of support."[29] We recognized that this also "gives an opportunity to adjust consumption patterns in anticipation of modification, and thus minimize prejudice when relief is granted effective as of the service date."[30]

Here, the superior court used Kerstin's motion service date of August 1, 2006 as the starting point for calculating Brian's arrears. Brian was aware of the motion, as demonstrated by his prompt request for a stay under the Servicemembers Civil Relief Act. Thus, although Brian failed to pay the correct amount due each month after August 1, 2006, he was aware of the probability that his obligation would be increased

---

[28] 960 P.2d 579, 585 n.8 (Alaska 1998).

[29] *Id.* at 585-86.

[30] *Id.* at 586.

due to his increase in pay and Kerstin's increased time with the children due to his deployment. Thus, he had notice of the need to set aside money for the increased support obligation.

Because the outstanding arrears are both due and unpaid, they have vested under AS 25.27.225. The superior court did not have the power to modify the payment or create a payment schedule. In *Demers*, we held that "[t]he court is . . . limited to determining the amount of money owed; the mandatory language [in AS 25.27.226 that the court "shall enter a judgment"] suggests that once the court finds that a sum of money is owed, it has no power to withhold judgment for that sum."[31] To set up a payment schedule for arrears in lieu of judgment circumvents the requirements of AS 25.27.226.

The superior court was concerned that the result of entering a judgment for the arrears would be "utterly inequitable" in this case. But as we have observed in the past, any "relief from the rule's potentially harsh consequences must come from the Legislature."[32]

## V.    CONCLUSION

We REVERSE the superior court's denial of Kerstin's motion for reconsideration of her motion for judgment for child support arrears and REMAND with orders to issue the judgment.[33]

---

[31]     915 P.2d at 1221.

[32]     *Skinner v. Hagberg*, 183 P.3d 486, 490 (Alaska 2008).

[33]     Kerstin also requests attorney's fees under Alaska Civil Rule 82. The matter is properly addressed to the superior court on remand.